ZAITZEFF *v.* RASCHKE

1. EVIDENCE—DOG-BITE CASE—HARBORING A VICIOUS DOG—CONVIC-
TION—ADMISSIBILITY—DISCRETION.

Trial court's refusing to admit into evidence in a civil case
based on the dog-bite statute the defendants' conviction in
traffic court of harboring a vicious dog was not an abuse of
discretion, because of the dissimilarities between civil and
criminal proceedings, different issues, different evidential rules,
and different degrees of proof (MCLA § 287.351).

2. TRIAL — REREADING TESTIMONY — COUNSEL'S ABSENCE — DISCRE-
TION.

Allowing a portion of testimony to be read to the jury in the
jury room without counsel being present was not an abuse
of discretion where counsel had already left the courtroom
and prior to leaving had expressly waived the right to be
present at the time of the verdict.

3. TRIAL—REREADING TESTIMONY—DISCRETION.

Allowing a witness's testimony to be read to the jury is in the
trial court's discretion.

4. TRIAL—REREADING TESTIMONY—COUNSEL'S PRESENCE—VOLUNTARY
ABSENCE.

Failure to notify the parties and their counsel that a witness's
testimony will be read to the jury is not error if the parties
and their counsel have voluntarily chosen to absent themselves
from the courtroom.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 334.
   30 Am Jur 2d, Evidence §§ 981, 985.
[2–4] 53 Am Jur, Trial §§ 936–940.
   Right to have reporter's notes read to jury.  50 ALR2d 176.
[5] 53 Am Jur, Trial § 904.

5. TRIAL—COMMUNICATION WITH JURY—OPEN COURT.

   It is not good practice to communicate with the jury other than in open court.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 December 17, 1970, at Detroit. (Docket No. 7475.) Decided February 22, 1971. Leave to appeal granted June 3, 1971, 385 Mich 754.

Complaint by Mary and Peter Zaitzeff against Marion and Joseph W. Raschke for personal injuries. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Samuel W. Barr,* for plaintiffs.

*Lizza & Mulcahy,* for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

PER CURIAM. Plaintiffs bring this appeal from a jury verdict for defendants in a suit based on the dog-bite statute, MCLA § 287.351 (Stat Ann 1967 Rev § 12.544). Alternatively, plaintiffs sought to impose common-law liability by establishing the dangerous nature of defendants' dog and defendants' knowledge of the dangerous nature. *Grummel v. Decker* (1940), 294 Mich 71.

Plaintiffs assign as error the trial court's refusal to admit into evidence the defendants' conviction in traffic court on a charge of harboring a vicious dog in violation of a Detroit city ordinance.[1] The conviction arose out of the same transaction in which Marion Raschke sustained her injuries. The purpose for which the evidence was sought to be ad-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
1 No. 449–F.

mitted was to prove the substantive issues. The trial court said:

"[I] am not going to allow the record of conviction to be brought before the jury because I don't think it is really relevant to the issues."

In light of the dissimilarity between civil and criminal proceedings—different issues, different evidential rules, and different degrees of proof, *etc.*—we find no abuse of discretion in excluding this evidence. 29 Am Jur 2d, Evidence, § 334, p 382.

Plaintiffs also urge that the trial court erred by permitting the testimony of a witness to be read to the jury in the jury room rather than in open court. In this same regard it is complained that the reading took place in the absence of counsel.

After deliberations had begun, the judge, in response to an inquiry by the jury concerning certain testimony, accompanied the stenographer into the jury room where the latter read to the jury portions of his stenographic notes which had been requested. Neither counsel was present as they had already departed the courtroom. Prior to leaving they expressly waived their right to be present at the time of the verdict. We do not feel that these facts warrant a reversal.

It is within the discretion of the trial court to allow or not to allow a portion of a witness's testimony to be read to the jury. See *Klein* v. *Wagenheim* (1967), 379 Mich 558. While it is better to notify the parties and their respective counsel in such case so that they might be present, failure to do so is not error if they have voluntarily chosen to absent themselves from the courtroom. *Loose* v. *Township of Deerfield* (1915), 187 Mich 206. Finally, we recognize that it is not good practice to com-

municate with the jury other than in open court, *Wilson* v. *Hartley* (1961), 365 Mich 188, but under the circumstances here present we find that if error occurred, it was harmless. GCR 1963, 529.1.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.