NICHOLES v LORENZ

1. ANIMALS—EVIDENCE—DOG-BITE STATUTE—PRIOR BEHAVIOR—AD-
   MISSIBILITY—PREJUDICE.
   Testimony as to a dog's prior behavior in a suit under the "dog
   bite" statute is inadmissible because it is irrelevant and may be
   prejudicial (MCLA 287.351).

2. ANIMALS—DOG-BITE STATUTE—DEFENSES—PROVOCATION.
   Provocation is the only defense allowable in an action under the
   "dog bite" statute (MCLA 287.351).

3. ANIMALS—DOG-BITE STATUTE—DEFENSES—CONTRIBUTORY NEGLI-
   GENCE—PROVOCATION.
   Contributory negligence is not a defense in a suit under the "dog
   bite" statute except as the negligence might bear on provoca-
   tion (MCLA 287.351).

Appeal from Kent, John T. Letts, J. Submitted
Division 3 June 5, 1973, at Grand Rapids. (Docket
No. 14638.) Decided August 29, 1973. Leave to
appeal applied for.

Complaint by Forrest H. Nicholes, Jr., for him-
self and as next friend of Mary Kay Nicholes, a
minor, against Ronald Lorenz for damages for
personal injuries received in an attack by a dog.
Verdict and judgment for plaintiffs. Defendant
appeals. Reversed and remanded for a new trial.

Before: R. B. BURNS, P. J., and FITZGERALD and
O'HARA,* JJ.

R. B. BURNS, P. J. Plaintiffs filed suit against the

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 4 Am Jur 2d, Animals § 23.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant under the "dog bite" statute, MCLA 287.351; MSA 12.544. The jury awarded the father $2,000 and the daughter $20,000. We reverse and remand for a new trial.

The pertinent part of the statute reads as follows:

"The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

Prior to the commencement of the trial, defendant's attorney informed the court that he understood plaintiffs' attorney intended to call several witnesses to testify as to the dog's (Wolf) prior behavior. Defendant contended that the dog's prior behavior was irrelevant as the statute eliminated *scienter*. The trial judge denied the request.

On appeal defendant contends the ruling was erroneous and the admission of such testimony was prejudicial.

The admissibility of testimony as to the prior vicious or virtuous disposition of a dog has never been reviewed under the present statute.

*Swift v Applebone,* 23 Mich 252 (1871) allowed such testimony but under a different statute. The statute then in effect, 1857 CL 1645, provided that if any dog "shall assault or bite, or otherwise injure any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the * * * person injured in double the amount of damages sustained". The plaintiff was attacked on the highway and the Court held that the jury

could consider the vicious nature of the dog in determining damages.

The present statute places absolute liability on the owner, except for provocation, irrespective of the place where the dog bites a person. In the present case the dog was tied on premises owned by the defendant. Mary Kay was playing on the premises and stepped on the dog's tail, thereby raising the defense of provocation, which was properly submitted to the jury.

It is our opinion that under the present statute "provocation" is the only defense in this type of case. Contributory negligence is not a defense, except as the negligence might bear on provocation.

*Zaitzeff v Raschke,* 31 Mich App 87; 187 NW2d 564 (1971) held that the trial court's refusal to admit into evidence the defendant's conviction on a charge of harboring a vicious dog was not an abuse of discretion.

In *Litzkuhn v Clark,* 85 Ariz 355, 360; 339 P2d 389, 393 (1959), the Court stated:

"[U]nder the statute the gentleness or viciousness of 'Choly' was not an issue and evidence bearing upon this matter should have been excluded."

"Wolf's" prior behaviour was irrelevant.

As stated by Judge LEVIN in *Lapasinskas v Quick,* 17 Mich App 733, 739; 170 NW2d 318, 320 (1969):

"We have no way of knowing whether the defendants' injection of this issue influenced the jury * * * . We cannot say that the verdict in this case might not have been different had this prejudicial issue not been adverted to by the defendants."

Reversed and remanded for a new trial. Costs to defendant.

All concurred.