VEAL v SPENCER

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTIONS—PRE-
   SERVING ISSUE.

   The only way to preserve objections to allegedly erroneous jury
   instructions for appellate review is to make a request for a jury
   instruction before the instructions are given to the jury, and to
   object to the allegedly erroneous instructions after the jury has
   been instructed (GCR 1963, 516.2).

2. ANIMALS—DOGS—STATUTES—DEFENSES—CONTRIBUTORY NEGLI-
   GENCE—INSTRUCTIONS TO JURY—JOINDER.

   Contributory negligence is a defense to an action maintained
   under the common law for injuries received in an attack by a
   dog, but it is not a defense to an action maintained under the
   "dog-bite" statute; a proper approach to the problem of whether
   or not contributory negligence is a proper element for jury
   consideration in a suit which combines both actions would
   involve a jury instruction which distinguishes between the two
   counts and the application of the defense of contributory negli-
   gence to them (MCLA 287.288, 287.351).

3. ACTION—INCONSISTENT CLAIMS—JOINDER—TRIAL.

   Joinder of inconsistent claims is authorized under court rule, but
   where litigants and the trial court feel that the claims are
   totally incompatible, at some stage of the proceedings prior to
   actual trial a plaintiff should be compelled to elect which claim
   he will pursue and upon which, at trial, he will introduce
   proofs (GCR 1963, 111.9[2]).

4. ANIMALS—DOGS—VICIOUSNESS—QUESTION OF FACT.

   The issue whether a previous attack by a dog was provoked by
   the victim of that attack was properly submitted to the jury
   where the testimony presented it as a question of fact, as
   against plaintiff's contention that once a dog has bitten or

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 537, 623.
[2, 4] 4 Am Jur 2d, Animals §§ 106–109, 118.
[3] 1 Am Jur 2d, Actions §§ 106, 116.

attacked a person it should be considered vicious as a matter of law.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 March 13, 1974, at Lansing. (Docket No. 17244.) Decided May 30, 1974. Leave to appeal applied for.

Complaint by Alice M. Veal, for herself and as next friend of Christopher Veal, a minor, against Luke Spencer and Florence Spencer for damages for personal injuries received in an attack by a dog. Verdict and judgment for plaintiff as next friend, but for defendants as to plaintiff's suit for herself. Plaintiff appeals. Affirmed.

*MacDonald, Fitzgerald & MacDonald,* for plaintiff.

*Chaklos, Jungerheld, Hoffmann & O'Neill, P. C.,* for defendants.

Before: HOLBROOK, P. J., and ALLEN and VAN VALKENBURG,* JJ.

ALLEN, J. Plaintiff, mother of Christopher Veal, filed suit individually and as next friend of Christopher, under both the "dog-bite" statute, MCLA 287.351; MSA 12.544 and the common-law right of action preserved under MCLA 287.288; MSA 12.539. At the conclusion of plaintiff's proofs the court directed a verdict under the statute in plaintiff's favor as next friend, leaving the jury to determine damages. The jury found damages of $6,500, but found in favor of defendants as to plaintiff's suit individually. Following denial of plaintiff's motion for judgment notwithstanding the verdict in her case as individual, plaintiff

---

[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

appealed. No appeal or cross appeal is taken on the judgment for plaintiff as next friend.

Succinctly stated, the facts are as follows. On the evening of June 30, 1969, Christopher, then age three, and his mother visited nearby friends. As plaintiff was preparing to leave, Christopher left her, crossing the street to defendants' home. Plaintiff testified she had instructed Christopher not to cross the street, but the young son of the friends in whose house plaintiff was visiting testified plaintiff gave him permission to take Christopher to defendants' home.

Defendants' dog, Duke, weighing 60–70 pounds, was tied to a long chain. Without any known provocation, Duke attacked Christopher, knocking him down and severely biting him about the face and head. Requests for admission served on defendants that Duke had previously bitten other children and that this fact was known to defendants, were not denied by defendants and were taken as admitted at trial. Defendants admitted Duke bit another child but only after being beaten with a stick and was therefore provoked.

In submitting plaintiff's case, as individual, to the jury, the trial judge instructed the jury that plaintiff could not recover if she were guilty of contributory negligence for failure to use reasonable care to supervise Christopher when they visited the neighbor's home. The court also instructed the jury that contributory negligence would not be a defense if the dog was vicious, and its vicious nature was known to defendants.

The overriding issue present in this case is whether, in a suit which combines both an action under the statute and under the common law, contributory negligence is a proper element for jury consideration. In a thoughtful written opinion

denying plaintiff's motion for judgment notwithstanding the verdict, the trial court relied upon *Grummel v Decker,* 294 Mich 71; 292 NW 562 (1940), for the court's determination that the dog-bite statute is subject to the defense of contributory negligence. The court stated it would be "neither surprised nor disturbed" by a reversal of its conclusions.

*Grummel v Decker, supra,* involved a dog bite occurring in October 1937, and construed the then applicable statute which essentially was a statement of the common-law liability. This case is still sound law in its interpretation of Michigan common law on dog bites. *Zaitzeff v Raschke,* 31 Mich App 87, 88; 187 NW2d 564 (1971), *reversed on other grounds,* 387 Mich 577; 198 NW2d 309 (1972). The present dog-bite statute became effective May 4, 1939, and has been construed in *Zaitzeff v Raschke, supra; Cox v Hayes,* 34 Mich App 527; 192 NW2d 68 (1971); and most recently *Nicholes v Lorenz,* 49 Mich App 86; 211 NW2d 550 (1973). In *Nicholes,* as in the present case, plaintiff sued both individually and as next friend of his injured daughter but, unlike the present case, sued under the statute only. Contributory negligence was held not a defense, and admissibility of testimony as to the vicious disposition of the dog was found improper.

"The admissibility of testimony as to the prior vicious or virtuous disposition of a dog has never been reviewed under the present statute.

\* \* \*

"The present statute places absolute liability on the owner, except for provocation, irrespective of the place where the dog bites a person. In the present case the dog was tied on premises owned by the defendant. Mary Kay was playing on the premises and stepped on the

dog's tail, thereby raising the defense of provocation, which was properly submitted to the jury.

"It is our opinion that under the present statute 'provocation' is the only defense in this type of case. Contributory negligence is not a defense, except as the negligence might bear on provocation." 49 Mich App 86, 87, 88.

The foregoing citations illustrate the problem presented in this case. The jury instructions were proper if suit were filed under the common law alone. Conversely, they are improper if suit were brought on the statute alone. When both causes of action are combined, the question of the propriety of contributory negligence and the dog's disposition has never been answered.

After both parties had finished presenting their evidence, defense counsel requested the court to require plaintiff to elect to go to the jury on either plaintiff's common-law count or the count pled pursuant to the "dog-bite" statute. MCLA 287.351; MSA 12.544. The trial court informed counsel that plaintiff was entitled to go to the jury on these alternative allegations, and felt that GCR 1963, 111.9 allowed plaintiff to maintain such inconsistent claims. However, the trial court told counsel that he would instruct the jury pursuant to *Fye v Chapin,* 121 Mich 675, 679; 80 NW 797 (1899), that contributory negligence would not be a defense if defendants' dog was vicious and if defendants knew of the same. Such an instruction had apparently been "proposed by plaintiff's attorney". Defense counsel objected to such an instruction. At the conclusion of this discussion, the trial court asked "What else is there?" Plaintiff's attorney said that he could not "think of anything" and the jury was returned to the courtroom for instructions.

The trial court then instructed the jury that it must find defendants liable to Christopher Veal, and limited the jury's task to determining the proper amount of damages to compensate Christopher Veal for his injuries. The trial judge told the jury that it should also find for Mrs. Veal, in her individual suit, unless the jury found that she had been guilty of contributory negligence and that such negligence was a proximate cause of her damages. He then told the jury that Mrs. Veal's contributory negligence would not be a defense if the jury found that defendants' dog had a vicious character and that defendants knew of the same. In fact, the above instruction regarding Mrs. Veal's contributory negligence and the vicious nature of defendants' dog was repeated twice. Neither counsel objected to the jury instructions, despite the fact that they were afforded a specific opportunity to do so. Plaintiff now argues that the trial court should not have told the jury that Mrs. Veal's contributory negligence would be a defense available to defendants in this case.

According to *Hunt v Deming,* 375 Mich 581, 584–585; 134 NW2d 662 (1965), the only way to preserve, for appellate review, objections to allegedly erroneous jury instructions, is to make a request for a jury instruction before the instructions are given to the jury, and to object to the allegedly erroneous instructions after the jury has been so advised. According to *Hunt,* only such strict adherence to the provisions of GCR 1963, 516.2 will preserve objections to jury instructions for appellate review. 375 Mich 581, 585. See also *Goodwin v S A Healy Co,* 383 Mich 300, 306; 174 NW2d 755 (1970). Plaintiff's counsel requested the above-described *Fye* instruction, but failed to request an instruction concerning the instant issue.

Counsel also failed to voice an objection to the trial court's instructions, and we find that the instant issue has not been preserved for appellate review.

It should be noted that plaintiff's complaint alleged that defendants were liable for plaintiff's injuries under both the common law, MCLA 287.288; MSA 12.539 and under the dog-bite statute, MCLA 287.351; MSA 12.544. Without attempting to resolve the same, we note that a definite problem arises in such a situation where defendant pleads contributory negligence. We have seen that contributory negligence has been a defense to an action maintained under the common law. *Grummel v Decker,* 294 Mich 71, 77; 292 NW 562 (1940). However, contributory negligence is not a defense to an action maintained under the above dog-bite statute. *Nicholes v Lorenz,* 49 Mich App 86, 88; 211 NW2d 550 (1973). Members of the bench and bar should be aware of this problem, and proceed accordingly. While plaintiff's allegation of error on this point has been found not to have been preserved for appellate review, we note that a proper approach to this problem would involve a jury instruction which distinguishes between the two counts and the application of the defense of contributory negligence to the same. While joinder of inconsistent claims is authorized, GCR 1963, 111.9(2), litigants and trial courts involved in similar situations might indeed feel that the claims are so totally incompatible that at some stage of the proceedings prior to actual trial, plaintiff should be compelled to elect which claim he will pursue and upon which, at trial, he will introduce proofs.

Plaintiff has not offered the Court any compelling authority for the proposition that once a dog

has bitten or attacked a person it should be considered vicious as a matter of law. Testimony in the instant case presented a question of fact as to whether or not the previous attack by Duke had been provoked by the victim of that attack. This question was correctly submitted to a jury as an issue of fact, and plaintiff's allegation on this point is without merit.

In view of the fact that the jury found that plaintiff had not met her burden of proof, any discussion of the propriety of the admission of testimony regarding lost wages as an element of medical expenses and a jury instruction regarding the same is not necessary.

Affirmed. Costs to defendants.

All concurred.