## COX *v.* HAYES

1. STATUTES—CONSTRUCTION.
    Statutes which are enacted in derogation of the common law must be strictly construed.

2. TORTS—ABSOLUTE LIABILITY—ANIMALS—DOG BITE—LICENSEES.
    A person bitten by a dog, in order to recover damages, needs to establish by a preponderance of the evidence only that he was on the property as a licensee or invitee, either express or implied, of one in lawful possession of that property (MCLA § 287.351).

3. PROPERTY—POSSESSORY INTEREST—OWNERSHIP.
    A landowner's teenage daughter can have a lawful possessory interest in that land, because one need not own property to be in lawful possession of it.

4. PROPERTY—LICENSEES.
    A licensee is a person who enters on or uses another's premises with the express or implied permission of the owner or person in control of the premises.

5. NEGLIGENCE—LICENSEES—POSSESSOR'S DUTY.
    A licensee, as opposed to an invitee, is one who enters another's land because a personal benefit will be derived by so doing, and while he is on the land, his presence is merely tolerated; however, the possessor of land is still required to warn the licensee of known dangers.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes §§ 405, 406.
[2] 4 Am Jur 2d, Animals § 94 *et seq.*
  Liability to social guest injured otherwise than by condition of premises.   79 ALR2d 990.
[3] 42 Am Jur, Property §§ 42, 43.
[4–7] 38 Am Jur, Negligence § 104 *et seq.*
[5] Duty of possessor of land to warn adult licensees of danger.   55 ALR2d 525.

6. Negligence—Licensees—Implied Licensee.
   Plaintiff, a three-year-old girl, bitten by a neighbor's dog while in the neighbor's yard, was an implied licensee of the neighbor where the plaintiff often accompanied the neighbor's teenage daughter into the yard, the neighbors never voiced their desire not to have neighborhood children in the yard to plaintiff or her family, and children, when seen in the yard, were never asked to leave.

7. Negligence—Licensees—Children—Knowledge of Dangers.
   A child licensee cannot be held to know of existing dangers to the same extent as an adult licensee.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 June 9, 1971, at Grand Rapids. (Docket No. 10447.) Decided June 24, 1971.

Complaint by Pamela Sue Cox, by her next friend Lute Cox, against Michael W. Hayes and Nadine Hayes for damages for injuries received from a dog bite. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Kenneth B. Johnson,* for plaintiff.

*Rosenburg, Painter, Stanton & Bullen* (by *Charles A. Nelson*), for defendants.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

J. H. Gillis, J. Society no longer allows the *canis familiaris* one free bite.[1] This action arose when plaintiff, Pamela Sue Cox, through her next friend, her mother, sued for damages for permanent injuries sustained by her as the result of a dog bite,

---

[1] *Perkins* v. *Drury* (1953), 57 NM 269 (258 P2d 379); *Mungo* v. *Bennett* (1961), 238 SC 79 (119 SE2d 522); *Kennet* v. *Sossnitz* (1940), 260 App Div 759 (23 NYS2d 961), *aff'd* 286 NY 623 (36 NE2d 459).

MCLA § 287.351 (Stat Ann 1967 Rev § 12.544). In a nonjury trial, the court decided in defendants' favor. Plaintiff now appeals from the lower court order of no cause of action.

Testimony given at trial disclosed that plaintiff was a three-year-old deaf mute. At the time the injury occurred, defendants' dog, a great pyrenees, was seven years old and weighed approximately 135 pounds. The dog was housed at the rear of defendants' lot. It was secured by a 25-foot chain which was in turn attached to a small swivel at the end of a stake anchored in the ground. The only fence separating this area from the property around it was one that ran along the property line between defendants' and plaintiff's lots.

Mrs. Hayes, one of the defendants, testified to the following: plaintiff, her 13-year-old sister, and defendant's 17-year-old daughter frequently played together. Defendant had never invited the plaintiff to come to her yard to play, but on several occasions the injured child had entered the property for brief periods of time. Defendant further testified that she had told her 17-year-old daughter not to have other children play on their property, and that if an invitation ever had been extended to the plaintiff to visit defendants' property, that invitation must have been extended by her 17-year-old daughter.

The plaintiff's sister testified that the defendant had never told her, or told other children in her presence, to leave the defendants' property.

On the evening of the day of the accident, Mrs. Hayes was not at home. Before plaintiff wandered into the area where the dog was chained, she had been playing in defendants' front yard, with several neighborhood children congregated nearby.

Plaintiff's cause of action is based upon the liability of a dog owner as set forth by statute:

"The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

"A person is lawfully upon the private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States of America, or when he is on such property as an invitee or licensee of the person lawfully in possession of the property." MCLA § 287.351 (Stat Ann 1967 Rev § 12.544).

The trial court, in a written opinion, held that the statute in question made no provision for the extension of an invitation or the granting of a license by one other than one in lawful possession of the property. The court ruled that defendants, as sole owners of the land in question, were the only ones who had lawful possession of the premises. GCR 1963, 517.1.

"The statute in question is remedial in character, and it is to be presumed that the legislature intended the most beneficial construction of the act consistent with a proper regard for the ordinary canons of construction." *In re Cameron's Estate* (1912), 170 Mich 578, 582.

The trial court correctly held that statutes which are enacted in derogation of the common law must be strictly construed. *Holland* v. *Eaton* (1964), 373 Mich 34, 39. However, this requirement of statutory construction does not mandate an interpretation of the statute beyond its legislative purpose and plain

meaning. MCLA § 8.3 (Stat Ann 1969 Rev § 2.212);
*In re Cameron's Estate, supra.*

The trial court erred when it held that plaintiff, as a matter of law, could not have been on defendants' property as an implied licensee. We hold that the evidence produced at trial clearly preponderates against this finding of fact. *Shaw* v. *Wiegartz* (1965), 1 Mich App 271; GCR 1963, 517.1; see also, Authors' Comments in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 593.

Although the statute does not specifically make provisions for "implied licensees," it would be a contortion of the plain meaning of this statute to exclude the subclass of implied invitees and licensees from their generic group. Rather, the plain meaning and application of the statute requires plaintiff to prove that she was either an invitee or licensee, expressed or implied, to fall within the purview of protection created by this statute.

Thus, to recover, plaintiff need only establish by a preponderance of the evidence that she was on the property as a licensee of one in lawful possession of that property.[2] One need not be required to own property to be in lawful possession of it. *Petrak* v. *Cooke Contracting Company* (1951), 329 Mich 564. In the instant case, defendants' teenage daughter, although not the owner of the property in question, had a lawful possessory interest in that land. Her control, the crux of possession, was enhanced at those times she was home alone, as on the evening in question.

---

[2] MCLA § 287.351 (Stat Ann 1967 Rev § 12.544) provides that the owner of the property need not be the one who grants or permits the licensee to enter the land, but it can be anyone in lawful possession: "A person is lawfully upon the private property of such owner * * * when he is on such property as an invitee or licensee of the person lawfully in possession of the property."

A licensee has been defined as a "person who enters on or uses another's premises with the express or implied permission of the owner or person in control thereof  *  *  *  ".  17 Michigan Law & Practice, Negligence, § 37, p 429.

A licensee, as distinguished from an invitee, is one who enters another's land because a personal benefit will be derived by so doing; and while there, his presence is merely tolerated. *Dobbek* v. *Herman Gundlach, Inc.* (1968), 13 Mich App 549, 554.  While a licensee's presence is merely tolerated, the possessor of the land is still required to warn the licensee of known dangers. *Dobbek* v. *Herman Gundlach, Inc., supra,* p 555; *Kroll* v. *Katz* (1965), 374 Mich 364; *Shaw* v. *Wiegartz, supra.*  Further,

"Neither silence, acquiescence, nor permission, however, standing alone, is sufficient to establish an invitation. *A license may thus be created, but not an invitation.*  The infancy of the party injured does not change the situation." (Emphasis supplied.) *Peck* v. *Adomaitis* (1931), 256 Mich 207, 210, 211.

The facts disclosed at trial do not fairly support the trial court's conclusion that plaintiff could not be an implied licensee of defendants.  Plaintiff often accompanied defendants' daughter into defendants' yard.  Defendants never voiced their desire not to have neighborhood children coming into the yard to plaintiff or any members of her family, and further, when children were seen in the yard, they were not asked to leave.

Courts of other jurisdictions have addressed themselves to the issue which is now before us.  See Anno: "Social Guest-Injury-Liability", 79 ALR2d 990, § 5, p 995.  Generally, those courts which have considered cases similar to this, have held the owners liable.

The Indiana appellate court held that a child licensee cannot be held to know of existing dangers to the same extent as an adult licensee:

"The owner of the premises owes the adult licensee no duty of active vigilance to discover his presence or his surroundings while on his premises by permission only, because such adult is presumed to go there with the understanding that he will take the premises as they are, with all the uses to which the owner may subject them while there, and that he will look after his own safety and welfare, and that he has discretion and judgment to do so. In other words, the owner of the premises does not know and has no reason to anticipate that such adult licensee will place himself in a situation of peril. To indulge such an assumption when a child licensee of immature years, judgment, and discretion is involved would be against our common understanding and reason and lacking in every element of humanity and justice." *Cleveland R. Co.* v. *Means* (1914), 59 Ind App 383, 405 (104 NE 785, 792) as quoted by the Indiana appellate court in *Keane* v. *Schroeder* (1970), —— Ind App ——, —— (264 NE2d 95, 101).

The Florida Supreme Court, in *Idzi* v. *Hobbs* (Fla, 1966), 186 So 2d 20, 22, 23, said:

"While the fact that a child has been warned of a danger may be enough to defeat his recovery, where it is found to be effective in making him fully aware of the situation, it is appreciation of the danger which is required to bar recovery, rather than mere knowledge of the existence of the condition itself, and where the child is too young to understand, or not sufficiently impressed to forego the attractive hazard, the warning may be found not to relieve the defendant of liability, if he could reasonably be expected to do more.

\* \* \*

"It was for the trier of the facts whether or not this minor plaintiff sufficiently discovered the condition or realized the risk involved."

See also: *Smythe* v. *Schacht* (1949), 93 Cal App 2d 315 (209 P2d 114); *Rossi* v. *DelDuca* (1962), 344 Mass 66 (181 NE2d 591); *Carroll* v. *Moxley* (Fla, 1970), 241 So 2d 681.

For the reasons expressed herein, we reverse and remand to the trial court for proceedings consistent herewith. Costs to appellant.

All concurred.