RANDALL v HARROLD

Docket No. 59995. Submitted August 17, 1982, at Detroit.—Decided November 4, 1982.

C. Donald Randall, individually and as the personal representative of the estate of Charles E. Randall, deceased, brought a wrongful death action against Jesse Harrold, Virginia Harrold, and others, following the drowning of the deceased, a five-year-old, in a lagoon located on property previously owned by the Harrolds. The Eaton Circuit Court, Richard Robinson, J., entered a partial summary judgment in favor of the Harrolds on all of plaintiff's claims except plaintiff's allegation of gross negligence and willful and wanton misconduct. Plaintiff appeals, by leave granted, from the partial summary judgment. *Held:*

1. The trial court did not err in ruling that the recreational users statute bars claims of ordinary negligence where an injury occurs to a person who is less than seven years of age. The statute was not intended to apply only in situations where contributory negligence could be considered.

2. The recreational users statute permits liability to be imposed only where gross negligence is shown or where the defendant is guilty of willful and wanton misconduct. Contributory negligence is not a defense to such claims, therefore, the Supreme Court's decision which held that the doctrine of contributory negligence was replaced with the doctrine of comparative negligence did not affect the statute and does not support plaintiff's claim that the statute's protections no longer apply.

3. The trial court correctly granted defendant's motion with respect to the nuisance claims since the allegations contained in the nuisance per se and nuisance in fact counts were identical to the allegations contained in the count alleging

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Premises Liability §§ 179, 289.
   Age and mentality of child as affecting application of attractive nuisance doctrine. 16 ALR3d 25.
   Liability of landowner for drowning of child. 8 ALR2d 1254.
[3] 61A Am Jur 2d, Pleading § 231 *et seq.*

gross negligence and willful and wanton misconduct. A court may look behind the label given to a count in a complaint to correctly determine the nature of the allegation.

Affirmed.

1. TORTS — NEGLIGENCE — RECREATIONAL USERS STATUTE — MINORS — CONTRIBUTORY NEGLIGENCE.

The recreational users statute bars claims for ordinary negligence where an injury occurs to a person who is less than seven years old; the statute is not intended to be applied only in those situations where the plaintiff's own negligence could be considered in determining whether to impose liability since contributory negligence is not a defense to claims under the statute (MCL 300.201; MSA 13.1485).

2. TORTS — NEGLIGENCE — RECREATIONAL USERS STATUTE — GROSS NEGLIGENCE — WILLFUL AND WANTON MIDCONDUCT — CONTRIBUTORY NEGLIGENCE.

The recreational users statute permits liability to be imposed where gross negligence is shown or where a defendant is guilty of willful and wanton misconduct; contributory negligence is not a defense to such claims (MCL 300.201; MSA 13.1485).

3. PLEADING — LABELS — SUMMARY JUDGMENT.

A court may look behind a label given to a count in a complaint to correctly determine the nature of the allegation; therefore, a trial court properly granted a partial summary judgment for a defendant with respect to a plaintiff's counts alleging nuisance per se and nuisance in fact in an action where the allegations contained in those counts were identical to the allegations contained in a count alleging gross negligence and willful and wanton misconduct for which count a summary judgment was not granted.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Kenneth G. McIntyre*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James D. Adkins*), for defendants.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals, by leave granted, from an order of partial summary judgment entered pursuant to GCR 1963, 117.2(1) in favor of defendants Jesse and Virginia Harrold.

Plaintiff commenced this wrongful death action for the loss of his five-year-old son who drowned in a lagoon located on property previously owned by the Harrolds. Count I of plaintiff's complaint alleged gross negligence and willful and wanton misconduct. Counts II and III alleged nuisance per se and nuisance in fact respectively. Count IV alleged ordinary negligence.

The trial court ruled that the recreational users statute, MCL 300.201; MSA 13.1485, barred all of plaintiff's claims except with respect to Count I. We granted plaintiff's application for leave to take an interlocutory appeal.

Plaintiff first claims that the trial court erred by ruling that the statute bars claims of ordinary negligence where the injury occurs to a person who is less than seven years of age. We disagree. MCL 300.201; MSA 13.1485, provides the following:

"Sec. 1. No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee."

See also MCL 317.176; MSA 13.1482(6).

In *Heider v Michigan Sugar Co,* 375 Mich 490; 134 NW2d 637 (1965), plaintiff sought recovery for

defendant's ordinary negligence after plaintiff's two sons, ages 8 and 12-1/2, were drowned in a pond on defendant's property. The Supreme Court held that the statute applies to minors and that plaintiff's complaint failed to state a cause of action. 375 Mich 507. See also *Taylor v Mathews,* 40 Mich App 74, 81; 198 NW2d 843 (1972).

Plaintiff seeks to avoid these holdings by claiming that the statute was intended only to be applied in those situations where plaintiff's own negligence could be considered in determining whether to impose liability. He claims that because the defense of contributory negligence did not apply to children under the age of seven, the statute has no application in this case. We find these claims to be without merit. In *Thomas v Consumers Power Co,* 58 Mich App 486, 492; 228 NW2d 786 (1975), *aff'd in part, rev'd in part* 394 Mich 459; 231 NW2d 653 (1975), the Court stated the following in discussing this statute:

"[T]his statute does not change the common-law duty of owners and occupiers of property owed to those who come upon such property as mere licensees, as were the plaintiffs in this case. The act is merely a codification of tort principles which are universally recognized in common-law jurisdictions.

" 'A licensee, as distinguished from an invitee, is one who enters another's land because personal benefit will be derived by so doing; and while there his presence is merely tolerated.' *Cox v Hayes,* 34 Mich App 527; 192 NW2d 68 (1971).

"The act in question has the undoubted purpose of furthering recreational activities in Michigan by making certain areas available for such purposes while clearly restating the common-law liability of owners to those who come gratuitously upon their land. Under these circumstances and to carry out the undoubted intention of the legislature, it would seem the statute should be liberally construed. Courts should lean to-

ward that construction which will give the statute force and validity, not to that construction which would nullify it. *Thomas Canning Co v Southern Pacific Co,* 219 Mich 388, 400; 189 NW 210 (1922); *Pigorsh v Fahner,* 386 Mich 508, 514; 194 NW2d 343 (1972). The statute neither restricts nor adds to the common-law rights of the plaintiffs."

In *Graves v Dachille,* 328 Mich 69, 77; 43 NW2d 64 (1950), plaintiffs' 6-1/2-year-old son drowned in a pool located on defendants' property. The Court held that plaintiffs' failure to establish gross negligence on the part of defendants required reversal of the jury's verdict in favor of plaintiffs. Since the decision in *Graves, supra,* represented the common law which existed at the time the statute was enacted, it is clear that the fact that plaintiff's son was under the age of seven at the time he drowned does not deprive defendants of the statute's protection.

Also without merit is plaintiff's claim that the Supreme Court's adoption of the doctrine of comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), requires a finding that the statute's protections no longer apply. Even assuming that this Court had the authority to alter legislative enactments in the manner suggested by plaintiff, the *Placek* decision does not convince us that such a change is mandated. *Placek, supra,* merely held that the doctrine of contributory negligence was replaced with the doctrine of comparative negligence. Contributory negligence acted as a bar to plaintiff's recovery where defendants were guilty of ordinary negligence. Since this statute only permits liability to be imposed where gross negligence is shown or where defendant is guilty of willful and wanton misconduct, and since contributory negligence was

not a defense to such claims, *Papajesk v Chesapeake & Ohio R Co,* 14 Mich App 550; 166 NW2d 46 (1968), the Supreme Court's decision in *Placek, supra,* does not affect this statute.

Plaintiff finally contends that the trial court erred in ruling that the statute barred his nuisance claims. In support of this contention, plaintiff relies on *Crawford v Consumers Power Co,* 108 Mich App 232, 239; 310 NW2d 343 (1981). In *Crawford, supra,* a panel of this Court adopted Judge O'HARA's concurring opinion in *Anderson v Brown Bros, Inc,* 65 Mich App 409; 237 NW2d 528 (1975), and held that an action for nuisance may be maintained even where the recreational users statute would otherwise bar plaintiff's claim for ordinary negligence.

We deem it unnecessary to determine whether a properly pled claim of nuisance is otherwise precluded by the statute. Count II of plaintiff's complaint is labeled "nuisance per se". Count III is labeled "nuisance in fact". However, the allegations contained therein are identical to the allegations contained in Count I of his complaint, *(i.e.,* the claim of gross negligence and willful and wanton misconduct). Therefore, for the reasons stated in Judge DANHOF's dissent in *Anderson, supra,* p 422, we are of the opinion that the trial court was correct in granting defendants' motion with respect to these claims.

Affirmed. Costs to defendants.