VINING v CITY OF DETROIT

Docket No. 85951. Submitted October 15, 1986, at Detroit. Decided
September 9, 1987.

Joseph Vining, personal representative of the estate of Rodney
Vining, deceased, brought an action in the Wayne Circuit Court
against the City of Detroit alleging that defendant was negli-
gent when its police officers gave chase to a vehicle driven by
plaintiff's decedent, fired shots at the vehicle and caused the
vehicle to collide with a telephone pole. Plaintiff also alleged
that defendant was negligent when the police fled the scene
without rendering assistance. Plaintiff alleged wilful and wan-
ton misconduct by defendant. The jury found defendant negli-
gent and to have acted in a wilful and wanton manner. Defen-
dant was found not to have committed an assault. The jury
fixed the amount of damages at $270,000 and plaintiff's dece-
dent was found to have been forty percent negligent. The trial
court, James A. Hathaway, J., entered a judgment in favor of
plaintiff for $162,000 plus costs, interest and attorney fees.
Plaintiff appeals. At issue is whether the doctrine of compara-
tive negligence is applicable where a defendant's conduct is
found to be wilful and wanton.

The Court of Appeals *held:*

1. Plaintiff's contention that comparative negligence should
automatically be inapplicable in those instances where contrib-
utory negligence was formerly inapplicable was found to be
without merit.

2. The doctrine of comparative negligence should be applied
in common-law tort actions sounding in negligence where the
defendant's misconduct falls short of being intentional. How-
ever, where the defendant *intentionally* commits a tort, com-
parative negligence is inapplicable. It is not necessary in com-
mon-law negligence actions to delineate whether the uninten-
tional conduct of a defendant is negligent, grossly negligent, or

REFERENCES

Am Jur 2d, Negligence §§ 426 *et seq.*

Application of comparative negligence in action based on gross
negligence, recklessness, or the like. 10 ALR4th 946.

wilful or wanton. Compensation for damages, where conduct is unintentional, should be apportioned according to fault.

Affirmed.

NEGLIGENCE — COMPARATIVE NEGLIGENCE — INTENTIONAL CONDUCT.

Comparative negligence should be applied in all common-law tort actions sounding in negligence where the defendant's misconduct falls short of being intentional; where the defendant intentionally commits a tort, comparative negligence is inapplicable; with comparative negligence, it is not necessary in common-law negligence actions to delineate whether the unintentional conduct of a defendant is negligent, grossly negligent, or wilful or wanton; compensation for damages, where conduct is unintentional, should be apportioned according to fault.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for plaintiff.

*Marion R. Jenkins,* Assistant Corporation Counsel, for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff, the personal representative of the estate of Rodney Vining, deceased, filed the instant action alleging that defendant was negligent when its police officers gave chase to a vehicle driven by plaintiff's decedent, fired shots at the vehicle and caused the vehicle to collide with a telephone pole. Plaintiff also alleged that defendant was negligent when the police fled the scene without rendering assistance. Plaintiff's complaint was subsequently amended to allege wilful and wanton misconduct.

Following a jury trial, defendant was found to be negligent and to have acted in a wilful and wanton manner. Defendant was found not to have committed an assault. The jury fixed the amount of damages at $270,000 and plaintiff's decedent was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

found to have been forty percent negligent. Thereafter, the trial court entered a judgment in favor of plaintiff in the amount of $162,000 plus costs, interest and attorney fees. Plaintiff appeals as of right.

The only issue properly before this Court is whether the doctrine of comparative negligence is applicable where a defendant's conduct is found to be wilful and wanton. Defendant argues that there was no showing of negligence and thus plaintiff should not be allowed to recover; however, this issue is not properly before us as defendant has not cross-appealed from the decision. *Peisner v The Detroit Free Press, Inc,* 421 Mich 125, 129, n 5; 364 NW2d 600 (1984), reh den 421 Mich 1202 (1985); *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

Plaintiff argues that the trial court erred in reducing the damage award by forty percent due to the comparative negligence of plaintiff's decedent. Plaintiff asserts that where a defendant's conduct is wilful and wanton the doctrine of comparative negligence should not apply. Plaintiff theorizes that, because the doctrine of contributory negligence was inapplicable as a defense to a claim of wilful and wanton misconduct and because the doctrine of comparative negligence has simply replaced the doctrine of contributory negligence, when wilful and wanton misconduct is established the doctrine of comparative negligence should likewise be inapplicable.

In *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), reh den 406 Mich 1119 (1979), our Supreme Court replaced the doctrine of contributory negligence, as a total bar to recovery, with the doctrine of comparative negligence. A pure form of comparative negligence was adopted.

*Id.*, p 662. Under the pure form of comparative negligence a plaintiff's recovery of damages is reduced to the extent that his or her negligence contributed to the injury. The Court, in choosing to adopt the pure form of comparative negligence, stated that it "most nearly accomplishes the goal of a fair system of apportionment of damages." *Id.*, p 660.

Whether the doctrine of comparative negligence applies when a defendant's conduct has been found to be wilful and wanton is a matter of first impression in this state. Plaintiff cites *Randall v Harrold,* 121 Mich App 212; 328 NW2d 622 (1982), for the proposition that comparative negligence is not a defense where a defendant is guilty of wilful and wanton misconduct; however, we conclude that plaintiff's reliance on *Randall* is misplaced. This Court in *Randall* merely held that the adoption of comparative negligence did not displace the threshold requirement for liability under the recreational users statute, MCL 300.201; MSA 13.1485, that no cause of action for injuries shall arise under the statute unless the injuries were caused by the gross negligence or wilful or wanton misconduct of the owner, tenant or lessee.

We find guidance for our determination of the issue presented here in a decision of our Supreme Court dealing with the applicability of the doctrine of comparative negligence in another situation where the doctrine of contributory negligence was previously inapplicable. In *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982), our Supreme Court considered whether the doctrine of comparative negligence should be applied where a worker was injured and the injury was proximately caused by the lack of, or inadequacy of, safety devices in the workplace. Under *Funk v General Motors Corp,* 392 Mich 91; 220

NW2d 641 (1974), the defense of contributory negligence was unavailable when a construction worker alleged negligence in the failure to provide adequate safety devices on the job. In *Funk,* our Supreme Court held that the total bar from recovery under the doctrine of contributory negligence was inconsistent with the public policy of promoting safety in the workplace. A similar result was reached in *Tulkku v Mackworth Rees Division of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979), where a manufacturer had failed to provide adequate safety devices but claimed plaintiff was barred from recovery due to contributory negligence. The *Tulkku* Court reiterated that to allow defendant to invoke the protection of the doctrine of contributory negligence would be tantamount to subverting the very safety concerns extolled as being of paramount importance in *Funk, supra,* and might allow a manufacturer to escape his duty of care. The *Hardy* Court examined the differences between the doctrines of comparative and contributory negligence, recognizing that the doctrine of comparative negligence never allows a contractor to entirely avoid liability and thus escape the duty of care. *Hardy, supra,* p 40. The Court stated:

> Since the defense of comparative negligence serves not to undermine but to enhance safety in the workplace, we are of the view that comparative negligence is available as a defense in those cases where *Funk* and *Tulkku* formerly prohibited the application of the contributory negligence defense. [*Id.,* p 38.]

In light of *Hardy,* we find plaintiff's contention that comparative negligence should automatically be inapplicable in those instances where contributory negligence was inapplicable to be without merit. Therefore, we turn to the merits of the

issue presented here, whether the doctrine of comparative negligence should be applied in common-law tort actions sounding in negligence when there is a finding of wilful and wanton misconduct on the part of the defendant.

Guidance for our determination can be found in other jurisdictions which have adopted the pure form of comparative negligence. The Supreme Court of California discussed the issue whether comparative negligence should be applied where a defendant was found to have acted in a wilful and wanton manner in *Li v Yellow Cab Co of California,* 13 Cal 3d 804; 119 Cal Rptr 858; 532 P2d 1226 (1975). The *Li* court stated:

> Finally there is the problem of the treatment of willful misconduct under a system of comparative negligence. In jurisdictions following the "all-or-nothing" rule, contributory negligence is no defense to an action based upon a claim of willful misconduct (see Restatement Torts, 2d, § 503; Prosser, Torts, *supra,* § 65, p 426), and this is the present rule in California. (*Williams v Carr* (1968) 68 Cal 2d 579, 583; 68 Cal Rptr 305; 440 P2d 505.) As Dean Prosser has observed, "[this] is in reality a rule of comparative fault which is being applied, and the court is refusing to set up the lesser fault against the greater." (Prosser, Torts, *supra,* § 65, p 426.) The thought is that the difference between willful and wanton misconduct and ordinary negligence is one of kind rather than degree in that the former involves conduct of an entirely different order, and under this conception it might well be urged that comparative negligence concepts should have no application when one of the parties has been guilty of willful and wanton misconduct. It has been persuasively argued, however, that the loss of deterrent effect that would occur upon application of comparative fault concepts to willful and wanton misconduct as well as ordinary negligence would be slight, and that a comprehensive

system of comparative negligence should allow for the apportionment of damages in all cases involving misconduct which falls short of being intentional. [*Li, supra,* 13 Cal 3d 825-826.]

In *Sorensen v Allred,* 112 Cal App 3d 717, 725; 169 Cal Rptr 441 (1980), the California Court of Appeals stated:

> In summary, we conclude that no defensible reason exists for categorizing willful and wanton misconduct as a different kind of negligence not suitable for comparison with any other kind of negligence. The adoption of comparative negligence in *Li* rendered such a separate category unnecessary since contributory negligence on the part of a plaintiff was no longer a total bar to recovery for a tortious injury. We apply an old axiom, "when the need for a rule ceases the rule ceases."

The Eighth Circuit Court of Appeals, in applying an Arkansas comparative negligence statute, has held that wilful and wanton misconduct is a degree of negligence and thus comparative negligence applies. *Billingsley v Westrac Co,* 365 F2d 619 (CA 8, 1966).

However, in other jurisdictions where the doctrine of comparative negligence has been adopted through legislative enactment, courts have been reluctant to apply the doctrine of comparative negligence to acts of wilful and wanton misconduct. In these cases the courts rely on the wording of the various comparative negligence statutes, recognizing that the statutes limit application of the doctrine of comparative negligence to acts of negligence, including gross negligence, and fail to include the distinct concept of wilful and wanton misconduct. These courts reason that had the legislatures intended that wilful and wanton miscon-

duct be included, the legislatures could have easily done so. Their failure to do so warranted a finding that the doctrine of comparative negligence is inapplicable to acts of wilful and wanton misconduct. See *Derenberger v Lutey,* 674 P2d 485 (Mont, 1983); *Davies v Butler,* 95 Nev 763; 602 P2d 605 (1979); *Danculovich v Brown,* 593 P2d 187 (Wy, 1979); *Ryan v Foster & Marshall, Inc,* 556 F2d 460 (CA 9, 1977); *Draney v Bachman,* 138 NJ Super 503; 351 A2d 409 (1976); *Bielski v Schulze,* 16 Wis 2d 1; 114 NW2d 105 (1962).

In contrast to the jurisdictions where the doctrine of comparative negligence was adopted by statute, in Michigan the decision to adopt comparative negligence was made by the judiciary. *Placek, supra.* Judicial adoption of the doctrine of comparative negligence also occurred in California. *Li, supra.* This distinction is elevated to one of great importance when questions of the applicability of the doctrine of comparative negligence are raised. In those jurisdictions where judicial adoption has taken place, the courts are not constrained by the limits placed upon the doctrine by statute or the rules of statutory construction.

We conclude, as did the Supreme Court of California, that comparative negligence should be applied in all common-law tort actions sounding in negligence where the defendant's misconduct falls short of being intentional. However, where the defendant intentionally commits a tort, comparative negligence is inapplicable. *Melendres v Soales,* 105 Mich App 73, 81; 306 NW2d 399 (1981), lv den 413 Mich 916 (1982). The blurring of the distinction between negligent and intentional conduct through the creation of the doctrines of gross negligence and wilful and wanton misconduct has been done to mitigate the harsh effects of the rule of contributory negligence. *Burnett v City of Ad-*

*rian,* 414 Mich 448, 461; 326 NW2d 810 (1982) (MOODY, J., concurring). With the advent of the doctrine of comparative negligence it is no longer necessary in common-law negligence actions to delineate whether the unintentional conduct of a defendant is negligent, grossly negligent, or wilful or wanton. Compensation for damages, where conduct is unintentional, should be apportioned according to fault.

Affirmed.