### ALVIN v SIMPSON

Docket No. 134067. Submitted July 14, 1992, at Detroit. Decided August 4, 1992, at 9:00 A.M. Leave to appeal sought.

Laura Alvin, for herself and as next friend of Bradley J. Alvin, and Robert Alvin brought an action in the Wayne Circuit Court against William and Loretta Simpson, alleging strict liability pursuant to MCL 287.351; MSA 12.544 for injuries inflicted by the defendants' dog on Bradley Alvin. The court, James R. Chylinski, J., granted summary disposition for the defendants, ruling that Bradley Alvin was a trespasser on the defendants' premises when bitten by their dog and was not protected by the statute. The plaintiffs appealed.

The Court of Appeals *held*:

MCL 287.351; MSA 12.544 provides in part that the owner of a dog that bites a person, without provocation, while the person lawfully is on private property, including the property of the owner of the dog, is liable for any damages suffered by the person, regardless of the dog's viciousness or the owner's knowledge of its viciousness. The statute further provides that a person lawfully is on the property of the owner of the dog if the person is a licensee or invitee of the owner.

The trial court, in granting summary disposition for the defendants, correctly determined that, given the absence of express or implied permission by the defendants for Bradley Alvin's entry onto their premises, there was no genuine dispute with respect to the fact that Bradley Alvin was a trespasser on the defendants' premises when bitten by their dog.

Affirmed.

*Thurswell, Chayet & Weiner* (by *Barry J. Goodman* and *Tammy J. Reiss*), for the plaintiffs.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *John C. Brennan*), for the defendants.

Before: FITZGERALD, P.J., and HOOD and J. C. KINGSLEY,* JJ.

PER CURIAM. In this dog-bite case, plaintiffs appeal as of right a circuit court order granting defendants' motion for summary disposition of plaintiffs' strict liability claim. We affirm.

Plaintiffs' complaint alleged that ten-year-old Bradley Alvin was lawfully on defendants' premises when he was bitten by defendants' dog. Bradley was playing with friends at the Hoilman residence, which is next door to defendants' residence. Defendants' house had a back yard that was enclosed by a fence. At the request of one of his playmates, who did not live at the Hoilman residence, Bradley climbed the fence and entered defendants' back yard in order to retrieve a ball. As Bradley climbed to the top of the fence on his way back to the Hoilman residence, defendants' dog bit him on the leg.

Plaintiffs sued defendants, alleging causes of action under Michigan's dog-bite statute, MCL 287.351; MSA 12.544, and Michigan's leash law, MCL 287.262; MSA 12.512. The latter claim was dismissed by stipulation of the parties. Defendants filed a motion for summary disposition under MCR 2.116(C)(10), claiming that there was no question of material fact regarding Bradley's status as a trespasser at the time he was bitten. Plaintiffs argued that Bradley was an implied licensee. The trial court concluded as a matter of law that Bradley was a trespasser and granted defendants' motion.

The statute involved, MCL 287.351; MSA 12.544, as amended by 1988 PA 142, provides:

(1) If a dog bites a person, without provocation while the person is on public property, or lawfully

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

(2) A person is lawfully on the private property of the owner of the dog within the meaning of this act if the person is on the owner's property in the performance of any duty imposed upon him or her by the laws of this state or by the laws or postal regulations of the United States, or if the person is on the owner's property as an invitee or licensee of the person lawfully in possession of the property unless said person has gained lawful entry upon the premises for the purpose of an unlawful or criminal act.

Although the statute does not specifically make provisions for "implied licensees," the plain meaning and application of the statute requires plaintiffs to prove that Bradley was either an invitee or a licensee, expressed or implied, to fall within the purview of protection created by this statute. *Cox v Hayes,* 34 Mich App 527, 531; 192 NW2d 68 (1971). A licensee has been defined as "a person who enters on or uses another's premises with the express or implied permission of the owner or person in control thereof." *Id.,* at 532.[1] Permission may be implied where the owner acquiesces in the known, customary use of property by the public. *Thone v Nicholson,* 84 Mich App 538, 544; 269 NW2d 665 (1978).

---

[1] In *Cox,* this Court held that the trial court erred in concluding that the plaintiff, a three-year-old deaf-mute, could not be an implied licensee of defendants. The evidence revealed that the only fence separating the chained dog's area from the property around it was a fence that ran along the property line between the defendants' and the plaintiff's lots. The plaintiff frequently played with the defendants' daughter in the defendants' yard at the defendants' daughter's invitation. On the day of the accident, the plaintiff had been playing in the defendants' front yard before she wandered into the back yard.

Plaintiffs offered no evidence to rebut William Simpson's claim that he never gave Bradley permission to enter his yard. Under the circumstances herein, permission cannot be implied. To the contrary, it is clear from the statements in Bradley's deposition that he knew that he was trespassing on defendants' property and did not have permission from defendants, either express or implied, to enter their property. Barbara Hoilman's averments in her affidavit that her children had permission on prior occasions to enter defendants' property to retrieve balls, and that in her opinion such acts do not constitute a trespass, do not create a factual question regarding Bradley.

Giving the benefit of reasonable doubt to plaintiffs, we conclude that no record could be developed that would leave open an issue upon which reasonable minds could differ. *Farm Bureau Ins Co v Stark,* 437 Mich 175, 184-185; 468 NW2d 498 (1985). Consequently, the trial court properly granted summary disposition for defendants.[2]

Affirmed.

---

[2] Plaintiffs' second issue is premised upon a finding that Bradley was a licensee. In light of our conclusion, we need not address this issue.