# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL KASSED,

      Plaintiff-Appellant,

v

SHANT ATIKAN,

      Defendant-Appellee.

UNPUBLISHED
May 28, 2015

No. 320887
Oakland Circuit Court
LC No. 2013-133496-NO

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Plaintiff, Michael Kassed, appeals as of right the trial court order granting summary disposition in favor of defendant, Shant Atikan, in this negligence case involving plaintiff's slip and fall on defendant's private property. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff was driving in his neighborhood around 9:00 p.m. or 10:00 p.m. in December 2011, when he noticed a car partially blocking the road at the end of defendant's driveway. Plaintiff was aware that defendant's driveway was very steep. Although plaintiff could have driven around the car, he decided to notify defendant, whom he had not met previously, of the situation. It was a cold day and plaintiff said there was snow on defendant's lawn.

Plaintiff exited his car, walked across the street, up the middle of defendant's lawn, and then went to defendant's front door. He knocked on the door, and defendant turned on the porch light. After informing defendant about the car, plaintiff turned to leave. As he was going back toward his car, he slipped and fell. He testified that the route he was taking away from the house was slightly different than the route he took to the house, because he would have seen or felt the ice the first time had there been any. However, he also testified that he merely assumed he had slipped on black ice, and did not actually see if that was the cause of the fall. When asked if snow remained on his shoes from when he traversed across defendant's lawn, plaintiff replied that it was a possibility.

After the fall, defendant asked if plaintiff was okay, and plaintiff replied in the affirmative. Plaintiff then drove home and he eventually went to the hospital. He had broken his arm, and required surgery.

-1-

In April 2013, plaintiff filed a negligence action against defendant, contending that defendant knew or should have known of the hazardous condition. Defendant eventually moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff did not have permission to enter onto his land, that plaintiff knew of the wintery conditions, and he should have guarded against open and obvious dangers. Plaintiff filed an untimely brief in response, which the trial court declined to consider.

The trial court found that plaintiff was an invitee, but that a person of ordinary intelligence would have notice of the hazardous conditions upon casual inspections. Therefore, it granted summary disposition in favor of defendant. Plaintiff now appeals.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

A grant or denial of a motion for summary disposition under MCR 2.116(C)(10) is reviewed de novo. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). The motion for summary disposition "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (quotations marks and citations omitted). This Court considers only "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003).

### B. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "The duty owed to a visitor by a landowner depends on whether the visitor was classified as a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; NW2d 401 (2013).

As the Michigan Supreme Court has explained:

> A 'trespasser' is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by wilful and wanton misconduct.

> A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent. A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know

of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit.

The final category is invitees. An 'invitee' is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception. The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [*Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000) (quotation marks and citation omitted); *Bredow v Land & Co*, 307 Mich App 579, 585-586; __ NW2d __ (2014).]

In the instant case, defendant posits that plaintiff was a trespasser because he had no permission or authority to enter onto the property. Plaintiff counters that, as the trial court found, he was an invitee because he was providing defendant a service, namely, informing him that the car had slid down the driveway.

There is no evidence to support plaintiff's argument that he was an invitee. Defendant did not issue an express or implicit invitation for plaintiff to enter onto the property. Defendant and plaintiff were strangers. "[I]nvitee status [also] is conferred on individuals entering the property of another for business purposes, meaning there must be some prospect of pecuniary gain prompting the landowner to extend an invitation onto the premises." *Bredow*, 307 Mich App at 586. In other words, "[i]n order to establish invitee status, a plaintiff must show that the premises were held open for a *commercial* purpose." *Stitt*, 462 Mich at 604 (emphasis in original); *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 60; 680 NW2d 50 (2004). There is no evidence in this case that plaintiff entered onto defendant's property for any type of pecuniary purpose. Thus, the trial court's finding that plaintiff was an invitee is not supported by the evidence.

Rather than an invitee, plaintiff was, at most, a licensee, which is "a person who enters on or uses another's premises with the express or implied permission of the owner or person in control thereof." *Alvin v Simpson*, 195 Mich App 418, 420; 491 NW2d 604 (1992) (quotation marks and citation omitted). See also *Kreski v Modern Wholesale Elec Supply Co*, 429 Mich 347, 359-360; 415 NW2d 178 (1987) ("A licensee enters the premises not by invitation, but by permission of the owner or occupant. The licensee's presence is permitted by the possessor of the land, but is not related to the purpose or interest of the possessor of the land." (Quotation marks and citation omitted)). In terms of licensees, "[p]ermission may be implied where the owner acquiesces in the known, customary use of property by the public." *Alvin*, 195 Mich App at 420.

Plaintiff entered onto the property to alert defendant of a potentially hazardous condition caused by a car in the road at the base of defendant's driveway. Under such circumstances, it could be reasoned that plaintiff had implicit consent to alert defendant to this potential danger. This Court recently referenced an analogous situation of " '[a] volunteer helper who comes upon land to aid in getting a truck out of a mudhole, or in putting out a fire, without being asked to do so,' " and that such a person " 'is a licensee, but not an invitee.' " *Bredow v Land & Co*, 307 Mich App at 590 n 4, quoting 2 Restatement of Torts, 2d, § 332, comment *b*, p 177.[1]

A defendant's only duty to a licensee is "to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit." *Stitt*, 462 Mich at 596-597. In this case, plaintiff produced no evidence that defendant knew or had reason to know of the alleged hazard. Nor was there any evidence that defendant had reason to know that plaintiff was oblivious to the danger of icy conditions, especially considering plaintiff managed to reach defendant's door unharmed. Thus, summary disposition is proper because plaintiff failed to create a genuine issue of material fact regarding whether defendant breached a duty to licensees.

Moreover, even if we were to conclude that plaintiff was an invitee, summary disposition remains proper. "With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hofner v Lanctoe,* 492 Mich 450, 460; 821 NW2d 88 (2012) (footnotes omitted). A landowner breaches this duty of ordinary care when he knows or should know of a dangerous condition, of which the invitee is unaware, and fails to either fix the defect, guard against it, or warn the invitee about it. *Id.*

Nevertheless, landowners "are not charged with guaranteeing the safety of every person who comes onto their land," because "[p]erfection is neither practicable nor required by the law[.]" *Id.* at 459, 460. Instead, "possessors of land and those who come onto it exercise common sense and prudent judgment when confronting hazards on the land." *Id.* at 459. Thus, a landowner owes no duty to protect or warn against a danger that is open and obvious because such danger, by its very nature, "apprise[s] an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* at 460-461. In other words, an open and obvious danger is not a danger to a reasonably careful person. *Price v Kroger Co of Mich,* 284 Mich App 496, 501; 773 NW2d 739 (2009). Thus, the open and obvious doctrine is "an integral part of the definition of that duty." *Lugo v Ameritech Corp, Inc,* 464 Mich. 512, 516; 629 NW2d 384 (2001).

"The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence would have been able to discover the danger and the risk

---

[1] Even if we were to find that plaintiff did not have implicit permission to enter onto defendant's land, that would render plaintiff a trespasser. In that case, the "landowner owes no duty to the trespasser except to refrain from injuring him by wilful and wanton misconduct." *Stitt*, 462 Mich at 596. There is no evidence that defendant engaged in willful and wanton misconduct.

presented upon casual inspection." *Slaughter v Blarney Castle Oil Co,* 281 Mich App 474, 478; 760 NW2d 287 (2008) (quotation marks, brackets, and citation omitted). This is an objective test, as the inquiry focuses on whether a reasonable person would have seen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous. *Id.* at 478-479.

Michigan courts have analyzed the interplay between the open and obvious doctrine and wintery conditions in Michigan, concluding that "[g]enerally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 694; 822 NW2d 254 (2012) (quotation marks and citation omitted). Plaintiff, however, argues that because he did not see the black ice, it could not be open and obvious. Yet, "if a condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." *Buhalis*, 296 Mich App at 694 (quotation marks and citation omitted). Moreover, as defendant argues, plaintiff never identified the precise hazard, even after the incident. Plaintiff merely speculates that it was black ice rather than some other snow related condition, such as snow on the bottom of his shoes. See *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) ("[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact.").

Further, "black ice conditions" may be rendered "open and obvious when there are 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.' " *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), quoting *Slaughter*, 281 Mich App at 479. Here, plaintiff admitted that the temperature was cold. He also observed snow on defendant's lawn. Defendant presented evidence of the cold weather at the time of the accident. Plaintiff also knew that the driveway was steep. In fact, he surmised it was the reason the car had slid down to the road. Plaintiff also conceded that it was possible he had lingering snow on his shoes from when he traversed across the lawn. Given all these factors, there were sufficient indicia of a potentially hazardous condition. *Janson*, 486 Mich at 935.

"Again, while a premises possessor owes a duty to invitees to exercise reasonable care to protect the invitees from an unreasonable risk of harm, invitees have a concurrent and important duty to take reasonable care for their own safety." *Buhalis*, 296 Mich App at 695 (quotation marks and citation omitted). This is especially so in this case, as plaintiff was aware of the cold and snow on defendant's property, and of the steep driveway. Plaintiff further acknowledged that at the time of the fall, the area was better lit because defendant had turned on the porch light. Under the circumstances of this case, a reasonably prudent person in plaintiff's position would have foreseen the potential danger of slipping on ice. *Buhalis*, 296 Mich App at 695.

Although plaintiff claims that defendant failed to exercise reasonable care in performing casual inspections, this argument is without merit. "The degree of care required of a premises possessor is to take reasonable measures within a reasonable period of time after the accumulation of snow and ice to diminish the hazard of injury to the plaintiff, but only if there is some special aspect that makes such accumulation unreasonably dangerous." *Buhalis*, 296 Mich

App at 696 (quotation marks and citation omitted). Even if plaintiff was an invitee, it was not defendant's duty to guarantee that ice would never form on his premises; rather, he was tasked only with ensuring that invitees were not unnecessarily exposed to unreasonable danger. *Id.* Here, defendant ensured that there was a reasonably safe path to his door, namely, the path plaintiff initially took on his way onto defendant's property. "Again, during the winter, a premises possessor cannot be expected to remove snow and ice from every portion of its premises[.]" *Buhalis*, 296 Mich App at 697.

Accordingly, we find that summary disposition in favor of defendant is proper.

## III. SCHEDULING ORDER

### A. STANDARD OF REVIEW

Plaintiff contends that the trial court improperly failed to consider his late filed reply brief to defendant's motion for summary disposition. We review this issue for an abuse of discretion. *Edi Holdings LLC v Lear Corp*, 469 Mich 1021, 1021; 678 NW2d 440 (2004). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

### B. ANALYSIS

A trial court may order the parties to meet scheduling deadlines when the court "concludes that such an order would facilitate the progress of the case[.]" MCR 2.401(B)(2)(a). Also, MCR 2.401(B)(2) provides trial courts with the discretion to decline to consider motions a party files after the ordered deadline. *Velez v Tuma*, 283 Mich App 396, 409; 770 NW2d 89 (2009), rev'd in part on other grounds 492 Mich 1 (2012). This court rule "promotes the efficient management of the trial court's docket[.]" *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 350; 711 NW2d 801 (2005).

The trial court did not abuse its discretion in declining to consider plaintiff's untimely response to defendant's motion for summary disposition. Plaintiff's brief was filed 8 days after the deadline in the trial court's scheduling order. The court notified the parties that untimely briefs would not be considered. Plaintiff neither asserted nor established any reason for the untimely filing. Moreover, significantly, the trial court acknowledged some of plaintiff's arguments presented in his brief, and it adequately represented the law on the issues presented in the court's opinion and order. In such circumstances, the trial court does not abuse its discretion in declining to consider plaintiff's brief. See *Edi Holdings LLC*, 469 Mich at 1021 (a trial court does not "abuse[] its discretion when it enforced the summary disposition scheduling order."). See also *Kemerko Clawson LLC*, 269 Mich App at 349-353.

Further, contrary to plaintiff's suggestion, the trial court did not dismiss the case because plaintiff failed to file a timely brief. See, e.g., *Smith v Merrill Lynch Pierce Fenner & Smith*, 155 Mich App 230, 234; 399 NW2d 481 (1986) (dismissal may be too harsh a sanction for a party's failure to file a timely brief). Rather, the trial court analyzed the law and found that defendant was entitled to judgment as a matter of law. Based on our analysis, the trial court properly concluded that defendant was entitled to summary disposition.

## IV. CONCLUSION

The trial court properly granted summary disposition in favor of defendant in this negligence action and did not abuse its discretion in failing to consider plaintiff's untimely response brief. We affirm.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood