HILL v SACKA

Docket No. 227715. Submitted October 3, 2002, at Detroit. Decided May 6, 2003, at 9:00 A.M. Leave to appeal sought.

Thomas Hill, individually and as next friend of his minor son, Kyle Hill, brought an action in the Monroe Circuit Court against Michael and Kelly Sacka, seeking under the dog-bite statute, MCL 287.351, damages for injuries sustained by the child when the defendant's dog bit the child while the plaintiff and the child were visiting the defendants' home. The jury awarded the child past and future noneconomic damages after finding that the biting was without provocation. The jury also found that Thomas Hill suffered no economic damages and was seventy-five percent negligent, which negligence was a proximate cause of the child's injuries. The trial court, William F. LaVoy, J., entered a judgment consistent with the verdict of the jury. The trial court thereafter denied the plaintiff's motion for additur or a new trial. The defendants appealed, alleging error in the denial of their request that the verdict be reduced to reflect the finding that Thomas Hill was seventy-five percent at fault. The defendants also alleged error with regard to the jury instructions. The plaintiff cross-appealed from the denial of his motion for additur or a new trial.

The Court of Appeals held:

1. The dog-bite statute does not allow for consideration of any comparative negligence on the part of the dog-bite victim, except where the negligence may relate to the defense of provocation. The statute does not allow consideration of any negligence or fault on the part of the owner of the dog. The fault or negligence of a third person, i.e., not the owner of the dog or the person bitten, is likewise not relevant under the statute.

2. Because absolute liability applies in the context of the dog-bite statute absent provocation, and no liability exists under the statute where provocation exists, MCL 600.2957 and MCL 600.6304, which concern allocation of fault, are not applicable to an action under the dog-bite statute. The trial court did not err in denying the defendants' request to reduce the judgment in an amount reflecting Thomas Hill's negligence or fault.

3. Any error in the jury instructions was harmless error that does not require reversal.

4. The trial court did not abuse its discretion in denying the plaintiff's motion for additur or a new trial.

Affirmed.

TORTS — DOG BITES — LIABILITY.

The dog-bite statute places absolute liability on the owner of a dog that bites a person, except where the dog bites after having been provoked, in which event, no liability of the owner exists; the statute does not allow consideration of any comparative negligence on the part of the victim, except where negligence may relate to provocation, or consideration of any negligence or fault on the part of the owner of the dog or any third person who is neither the owner nor the victim; statutes that concern allocation of fault are not applicable in actions under the dog-bite statute (MCL 287.351, 600.2957, and 600.6304).

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Cheryl J. Auger*) (*Sommers, Schwartz, Silver & Schwartz, P.C.*, by *Patrick Burkett*, of counsel), for the plaintiff.

*Bowen, Radabaugh, Milton & Brown, P.C.* (by *Lisa T. Milton*), for the defendants.

Before: MURPHY, P.J., and MARKEY and R. S. GRIBBS*, JJ.

MURPHY, P.J. Defendants Michael and Kelly Sacka appeal as of right following a jury trial in this dog-bite action brought by plaintiff Thomas Hill, who initiated the suit individually and as next friend of his minor son, Kyle Hill. Plaintiff's lawsuit arises out of personal injuries sustained by Kyle Hill caused by defendant's dog while Kyle and his father were visiting defendants' home. The jury awarded Kyle $10,000 in past noneconomic damages and $40,000 in future noneconomic damages, and the judgment entered thereon was in the amount of $29,045 after the ver-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dict was reduced to present value.[1] Plaintiff cross-appeals the trial court's order denying a motion for additur or, in the alternative, a new trial. The focus of this appeal concerns whether an action pursuant to Michigan's dog-bite statute, MCL 287.351, is subject to principles regarding allocation of fault under MCL 600.2957 and MCL 600.6304. We affirm the judgment.

### I. BASIC FACTS and PROCEDURAL HISTORY

In the summer of 1997, two-year-old Kyle Hill was bitten, gnawed, and mauled by defendants' German shepherd. The incident occurred in defendants' yard after Mr. Hill, Kyle, and others went to defendants' home to socialize. Defendants' dog was chained to a tree at the time of the attack. Kyle approached the dog, waving his arms and making noises. Kyle was attacked by the dog when he came within reach of the dog's chain. There was evidence presented that Mr. Hill observed Kyle's actions before the mauling and yelled at Kyle to stop approaching the dog. Mr. Hill finally ran to stop Kyle from proceeding any further; however, it was too late to prevent the attack. By the time Mr. Hill rescued his son from the dog, the dog had bitten Kyle's neck and head. Kyle's injuries required surgery on three different areas of his head and face. The attack resulted in significant scarring.

---

[1] Plaintiff was also awarded $1,686 in statutory interest and $1,216 in taxable costs. Mr. Hill's request for economic damages, which pertained to medical expenses resulting from Kyle's injuries, was rejected by the jury. In that vain, we note that Blue Cross & Blue Shield of Michigan (BCBSM) intervened in this action to enforce its subrogation rights with respect to medical expenses. The trial court ordered that BCBSM be a silent party and be bound by the jury verdict. A judgment of no cause of action was entered against Mr. Hill, individually, and BCBSM. BCBSM is not a party to this appeal.

Plaintiff brought suit under a negligence theory and under the dog-bite statute, seeking future and past economic and noneconomic damages. Along with an answer and affirmative defenses, defendants filed what they titled "notice of at-fault nondefendant," which asserted that Mr. Hill's negligence caused Kyle to be injured by the dog.[2] The negligence claim was summarily dismissed pursuant to agreement of the parties. The jury heard and decided the remaining statutory claim. Specifically, the jury found that Kyle was injured by a dog bite, that damages were sustained, that the biting was without provocation, that Mr. Hill suffered no economic damages, that Kyle suffered past noneconomic damages and will suffer future noneconomic damages, and that Mr. Hill was seventy-five percent negligent, which negligence was a proximate cause of Kyle's injuries. Defendants requested that the verdict be reduced in light of the jury's finding that Mr. Hill was seventy-five percent at fault. The trial court refused to do so, ruling that the damage award was for Kyle, not Mr. Hill. The trial court reasoned that because Mr. Hill, individually, did not receive any damages on his claim, there was nothing to reduce because of his negligence.

### II. ANALYSIS

#### A. OVERVIEW OF APPELLATE ARGUMENTS

On appeal, defendants argue that MCL 600.2957 and MCL 600.6304, which concern allocation of fault, are applicable in actions brought pursuant to the dog-bite

---

[2] Defendants referenced MCR 2.112(K)(3) in filing their notice; however, we note that MCR 2.112(K) addresses the need to provide notice where fault of a nonparty is alleged. Mr. Hill is a party to this action.

statute. Therefore, defendants argue that in light of the jury's finding that Mr. Hill was seventy-five percent at fault, the judgment should have been reduced accordingly. Defendants further argue that the trial court erred with respect to numerous jury instructions that improperly incorporated negligence principles. Plaintiff's cross-appeal involves a challenge to the trial court's refusal to increase the amount of the damage award (additur), or grant a new trial, where the jury awarded future noneconomic damages only for the years 2013 through 2016.

### B. THE DOG-BITE STATUTE AND ALLOCATION OF FAULT

### STANDARD OF REVIEW

Whether allocation of fault under MCL 600.2957 and MCL 600.6304 is to be applied in an action brought pursuant to the dog-bite statute, MCL 287.351, concerns an issue of statutory construction, which is a question of law that this Court reviews de novo. *In re RFF*, 242 Mich App 188, 198; 617 NW2d 745 (2000).

### PRINCIPLES OF STATUTORY CONSTRUCTION

In *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), our Supreme Court, reviewing principles of statutory construction, stated:

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. To do so, we begin with an examination of the language of the statute. If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. A necessary corollary of these principles is that a court may read nothing into an unambiguous

statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [Citations omitted.]

We presume that every word in a statute has some meaning, and this Court should avoid any construction that would render any part of a statute surplusage or nugatory. *Karpinski v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 543; 606 NW2d 45 (1999). Every word or phrase contained in a statute should be accorded its plain and ordinary meaning. *Slater v Ann Arbor Pub Schools Bd of Ed*, 250 Mich App 419, 428-429; 648 NW2d 205 (2002).

### RELEVANT STATUTES AND DISCUSSION

We begin our analysis by reviewing the dog-bite statute and case law interpreting the statute. MCL 287.351 provides, in pertinent part:

(1) If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

The dog-bite statute places absolute liability on the dog owner, except where the dog bites after having been provoked. *Nicholes v Lorenz*, 396 Mich 53, 59-60; 237 NW2d 468 (1976); *Bradacs v Jiacobone*, 244 Mich App 263, 267; 625 NW2d 108 (2001); *Thelen v Thelen*, 174 Mich App 380, 385-386; 435 NW2d 495 (1989); *Veal v Spencer*, 53 Mich App 560, 563; 220 NW2d 158 (1974). Absolute liability equates to liability without fault. *Dooms v Stewart Bolling & Co*, 68 Mich App 5, 14 n 5; 241 NW2d 738 (1976).

In *Nicholes, supra* at 59-60, the Michigan Supreme Court stated:

> To provide redress for dog-bite victims, the Legislature by statute retained the common-law remedy but in addition enacted the statute under which this action is brought. It creates an almost absolute liability. However, the Legislature excepted the consequences which might reasonably result from provoking an animal.
>
> In the present statute, the only facts necessary to sustain plaintiff's case are (1) that the dog bit the girl (agreed) and (2) the biting was "without provocation."
>
> \*      \*      \*
>
> All agree that the threshold question for the jury was whether stepping on the dog under the circumstances described by witnesses to the biting constituted provocation. Nothing else had to be proved and nothing else was relevant . . . .

A panel of this Court in *Thelen, supra* at 386, noted that the Legislature intended " 'provocation' " to be "the only defense" to an action brought pursuant to MCL 287.351. Contributory negligence was not a defense to an action maintained under the dog-bite statute, except as the negligence might bear on the issue of provocation. *Veal, supra* at 566; *Nicholes v Lorenz*, 49 Mich App 86, 88; 211 NW2d 550 (1973), aff'd *Nicholes, supra* at 396 Mich 53.

Our jurisprudence has abandoned the doctrine of contributory negligence in favor of comparative negligence. See *Placek v Sterling Hts*, 405 Mich 638, 650; 275 NW2d 511 (1979). We find that under a clear reading of the dog-bite statute, comparative-negligence principles are equally inapplicable. In *Dep't of Transportation v Christensen*, 229 Mich App 417, 418-419; 581 NW2d 807 (1998), William and Adele Farmer were

injured when Eldon Christensen's truck hit an over-
pass and knocked a gravel hopper off the truck,
which then proceeded to land on the highway, where
it was struck by the Farmers' vehicle. In its analysis,
this Court interpreted MCL 257.719(1), which requires
a vehicle not to exceed a height of thirteen feet, six
inches, and which holds the owner of a vehicle liable
for all damages resulting from a collision with a law-
fully established bridge or viaduct that is caused by
the height of the vehicle regardless of any signage
indicating the clearance of the bridge or viaduct.
*Christensen, supra* at 419.

The *Christensen* panel first found that the statute
establishes absolute liability for all damages where
there is a collision with an overpass caused by the
unlawful height of the vehicle. *Id.* at 421. This Court
then held that the defenses of comparative negligence
and joint and several liability were not available to
Christensen when he attempted to place some blame
on the Michigan Department of Transportation (MDOT)
for placing an inaccurate clearance sign. *Id.* at 421,
424. The panel reasoned:

> [W]hile the regulatory scheme of § 719(1) incorporates
> the need for establishing proximate causation, once estab-
> lished it fixes liability on the violator even where concur-
> rent or intervening acts of negligence precipitate a collision
> with a bridge or overpass. See 57A Am Jur 2d, Negligence,
> § 792, p 703. To hold otherwise, and allow Christensen to
> interpose defenses of comparative fault on the part of plain-
> tiffs or joint and several liability on the part of the MDOT for
> its alleged negligence in marking the overpass with an inac-
> curate sign, would undermine the plain language of the
> absolute liability statute as well as its overriding regulatory
> purpose, i.e., protecting bridges and overpasses, and the

traveling public, from damage or injury as a result of non-conforming vehicles. [*Christensen, supra* at 421-422.[3]]

Similarly, we conclude that the dog-bite statute does not allow for consideration of any comparative negligence on the part of the dog-bite victim, excluding possibly where the negligence may relate to the defense of provocation.[4] The dog-bite statute by its clear and unequivocal language does not allow consideration of any negligence or fault, as that term is generally used, on the part of the owner of the dog. If the other considerations contained in the dog-bite statute are satisfied, there is no liability where provocation exists, and there is liability where provocation is lacking. *Bradacs, supra* at 267. Liability under the statute extends to "any" damages incurred by the plaintiff, which by definition includes all damages suffered. *Stone v Michigan*, 247 Mich App 507, 523 n 35; 638 NW2d 417 (2001) (" 'any' " means " 'every' " and " 'all' " and suggests the absence of limits altogether), rev'd on other grounds 467 Mich 288; 651 NW2d 64 (2002).

Fault, outside the context of provocation, is simply not relevant in a dog-bite action pursued under MCL 287.351. As a necessary corollary, and without yet taking into consideration the statutes addressing allocation of fault, we find that the fault or negligence of a third person, i.e., not the dog owner or the direct

---

[3] We note that *Christensen* does not contain any discussion of MCL 600.2957 and MCL 600.6304. However, we find that the *Christensen* panel's rejection of comparative negligence equally supports a finding that the comparative-fault provisions contained in MCL 600.2957 and MCL 600.6304 are inapplicable where absolute liability is involved.

[4] We briefly discuss later in this option the issue whether provocation must be intentional under the dog-bite statute.

victim of the dog bite, is likewise not relevant. The statute does not allow for such consideration, nor would it be reasonable to conclude that the third person's negligence is relevant where the negligence of the dog-bite victim who is seeking money damages is not to be considered.[5] Moreover, in *Christensen, supra* at 418-419, it was a third entity, the MDOT, that Mr. Christensen, who was the truck driver, sought to hold comparatively negligent and jointly and severally liable. Here, Mr. Hill is essentially standing in the shoes of the MDOT. Just as the MDOT's alleged negligence was not relevant to Mr. Christensen's absolute liability, Mr. Hill's negligence is not relevant to defendants' absolute liability. Construing the clear language of the dog-bite statute, we find that the Legislature unambiguously intended to protect the public from dog bites and to place the burden on dog owners where their animals attack persons without provocation.

The question becomes whether the statutes concerning allocation of fault make relevant negligence or fault with respect to the owner of the dog or a third person. MCL 600.2957 provides, in pertinent part:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304 [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider

---

[5] Once again, we are talking about fault outside of the issue of provocation. There is no claim that Mr. Hill's actions provoked the dog into biting Kyle.

the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

MCL 600.6304 provides, in relevant part:

(1) In an action based on tort or another legal theory seeking damages for personal injury . . . involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.

\*     \*     \*

(4) [A] person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1).

Through the enactment of MCL 600.2957 and MCL 600.6304, the state legislatively adopted a comparative-fault system for apportioning damages awarded in a personal-injury action, and the statutes reveal a legislative intent to allocate liability according to the relative fault of all persons contributing to the accrual of a plaintiff's damages. *Lamp v Reynolds,* 249 Mich App 591, 596; 645 NW2d 311 (2002).

Here, there can be no doubt that an action brought under the dog-bite statute constitutes a "legal theory" for purposes of the statutes. However, the reference to "another legal theory" in both statutes is part of an introductory sentence that also includes, under subsection 2957(1), reference to a person's "percentage of fault," and, under subsection 6304(1), reference to actions "involving fault . . . ." Therefore, for the statutes to be applicable, not only must the action be based on tort or another legal theory, it must be an action predicated on concepts of fault. As we ruled earlier in this opinion, a dog-bite action under MCL 287.351 is not predicated on fault, except where fault is intertwined with provocation. However, even in that sense, any allocation of fault would be immaterial and simply not relevant because, if provocation exists, there would be zero liability, and if provocation is lacking, there would be absolute liability. Moreover, subsection 6304(4) focuses on a defendant's not having to pay damages in an amount greater than the defendant's fault, yet there is no fault determination whatsoever with regard to the dog owner under the dog-bite statute.

That being said, MCL 600.6304(8) contains a definition of "fault":

> As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or *any conduct that could give rise to the imposition of strict liability,* that is a proximate cause of damage sustained by a party. [Emphasis added.]

It is true that in some cases involving the dog-bite statute, this Court has referenced the term "strict liability." See, e.g., *Thelen, supra* at 386. However, we

note that the *Thelen* panel also discussed the statute's creating absolute liability. *Id.* at 385. The cases involving a substantive discussion concerning the liability aspects of the dog-bite statute make reference to absolute liability. *Nicholes, supra* at 396 Mich 59-60; *Bradacs, supra* at 267. We find that the term "strict liability" as used in subsection 6304(8) was not intended to apply to the liability that arises in statutory dog-bite cases. First, the reference to "strict liability" in subsection 6304(8) is couched in terms of "conduct that could give rise to the imposition of strict liability . . . ." Additionally, subsection 6304(2) mandates that the trier of fact consider "the conduct of each person at fault[.]" In a dog-bite case brought pursuant to MCL 287.351, there is no "conduct" that gives rise to liability. The dog owner need not do anything for there to be liability; the owner simply owns a dog that bites another person.

Second, the strict-liability language of subsection 6304(8) was, for the most part, intended to encompass a products-liability action, where the statutory definition was added as part of the Legislature's extensive 1995 tort-reform legislation that significantly altered the law concerning products liability and made such an action subject to allocation of fault. 1995 PA 249; Historical and Statutory Notes to MCL 600.6304; Senate Fiscal Agency Legislative Analysis, SB 344, January 11, 1996. In a products-liability action based on strict liability, there is some "conduct" on the part of the defendant in placing the product in the stream of commerce.[6]

---

[6] In a design-defect, products-liability case, our Supreme Court in *Prentis v Yale Mfg Co*, 421 Mich 670, 688; 365 NW2d 176 (1984), noted that "[a]s a common-sense matter, the jury weighs competing factors

Third, and finally, there is a distinction between strict liability and absolute liability under Michigan law, and absolute liability has been relegated, in part, to animal-attack cases. In *Prentis v Yale Mfg Co*, 421 Mich 670, 682; 365 NW2d 176 (1984), the Michigan Supreme Court stated that "theories of products liability have been viewed as tort doctrines which should not be confused with the imposition of absolute liability." There is a potential for confusion of strict liability with absolute liability, which typically arises without regard to whether a defect exists. *Id.* at 682 n 9. In *Bradshaw v Michigan Nat'l Bank*, 39 Mich App 354, 356; 197 NW2d 531 (1972), this Court stated that "[s]trict liability is a term that has been used in product liability cases and absolute liability has been applied in cases involving persons who harbor dangerous animals . . . ."

It is a well-established principle of statutory construction that when the Legislature enacts legislation concerning an area of law where the appellate courts of this state have rendered opinions, the Legislature is presumed to have acted with knowledge of the court's interpretations. *Jackson v Nelson*, 252 Mich App 643, 651-652; 654 NW2d 604 (2002). Because "absolute liability" applies in the context of the dog-bite statute absent provocation and has historically applied in dangerous-animal cases, and because subsection 6304(8) does not include "absolute liability" in the definition of fault, we conclude that the Legislature did not intend § 6304 or § 2957 to be applicable to an action brought pursuant to the dog-bite statute.

presented in evidence and reaches a conclusion about the judgment or decision *(i.e., conduct)* of the manufacturer." (Emphasis in original.)

Even had we concluded that the dog-bite statute conflicted with the statutes regarding allocation of fault, i.e., fault is not to be considered with respect to the dog owner under MCL 287.351 versus the consideration of fault, the dog-bite statute is more specific to the subject matter than the general statutes regarding allocation of fault and thus controls. *In re Brown*, 229 Mich App 496, 501; 582 NW2d 530 (1998). Therefore, there was no error by the trial court in denying defendants' request to reduce the judgment in an amount that reflected Mr. Hill's negligence or fault.[7]

### C. JURY INSTRUCTIONS

#### STANDARD OF REVIEW

This Court reviews de novo claims of instructional error. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). We review for an abuse of discretion a trial court's determination that a standard jury instruction was applicable and accurate. *Stevens v Veenstra*, 226 Mich App 441, 443; 573 NW2d 341 (1997). The jury instructions must be viewed as a whole, "rather than extracted piecemeal to establish error" in isolated portions. *Lansing v Hartsuff*, 213 Mich App 338, 348; 539 NW2d 781 (1995). Reversal is not required unless the failure to reverse would be inconsistent with substantial justice. MCR 2.613(A); *Case, supra* at 6. There is no error requiring reversal if, on balance, the theories of the parties and the

---

[7] In light of our ruling, it is unnecessary to address the doctrine that precludes consideration of parental negligence with respect to a child's injuries and claim for damages. No allocation of fault is required in a suit brought under the dog-bite statute regardless of the status of persons involved in the matter.

applicable law were adequately and fairly presented to the jury. *Id.*

CHALLENGED INSTRUCTIONS

Defendants first argue that the trial court erred in failing to have the jury allocate a fault percentage to Mr. Hill with respect to Kyle's claim for personal-injury damages that would have the effect of reducing Kyle's damages. In light of our ruling above, there was no need for the jury to allocate fault. Therefore, there was no instructional error.

Defendants next argue that the trial court erred in instructing the jury that it could not consider any negligence on the part of Kyle because, under the law, a child his age cannot be charged with negligence. Defendants maintain that this instruction could have led the jury to believe that it could not consider under the dog-bite statute whether Kyle provoked the dog.

Conceivably, a dog can be provoked by a negligent act of the victim. The law on whether provocation requires an intentional act to provoke or whether negligent or unintentional provocation is sufficient to give rise to a complete defense is presently unsettled in Michigan. *Bradacs, supra* at 269. We find no need at this time to resolve the issue. The jury was not led to believe that Kyle could not provoke the dog under the law. The jury was specifically questioned in the verdict form whether the dog was provoked, and plaintiff discussed at length in closing argument the factual circumstances and how Kyle's actions in moving toward the dog did not constitute provocation, as opposed to a person's pulling a dog's tail or hitting a

dog. Plaintiff did not argue that Kyle was incapable of provoking the dog, nor did the trial court instruct the jury that Kyle could not provoke the dog. Therefore, any error was harmless.

Defendants further argue that the trial court erred in instructing the jury that a defendant is required to exercise greater vigilance if children are in the vicinity, and that such a circumstance can be considered in determining whether reasonable care was used by defendants. We agree that this instruction should not have been given. Whether defendants exercised reasonable care is irrelevant in establishing liability under the dog-bite statute because liability is absolute absent provocation. MCL 287.351. However, any error was harmless and the case was fairly presented to the jury, where the verdict form did not include any question regarding defendants' negligence, and where the form properly asked relevant questions as measured by the dog-bite statute and its principles of absolute liability. Considering that absolute liability was applicable, any consideration of negligence by the jury would arguably be more favorable to defendants.

Defendants next argue that the trial court erred in instructing the jury to determine damages that resulted from the conduct of defendants. We agree that this instruction was improper and that damages resulting from the dog bite were to be awarded absent provocation and regardless of defendants' conduct. However, once again, any error was harmless and the case was fairly presented to the jury, where the verdict form properly asked the jury whether damages were sustained as a result of the dog bite, and where it is arguable that the instruction benefited

defendants, in that their conduct did not appear to be inappropriate.

Defendants finally assert that the trial court erred in instructing the jury that it could not consider whether there was negligence on the part of Mr. Hill with respect to Kyle's claim, because a parent's negligence cannot affect a claim made on behalf of a child. As noted in footnote seven of this opinion, we decline to address this issue because it is unnecessary. Having found that any third person's negligence is immaterial under the dog-bite statute, the challenged instruction constituted harmless error at best.

### D. CROSS-APPEAL—ADDITUR

This Court reviews the trial court's decision on a motion for additur or, in the alternative, a new trial, for an abuse of discretion. *Setterington v Pontiac Gen Hosp*, 223 Mich App 594, 608; 568 NW2d 93 (1997). When reviewing a trial court's decision on additur, this Court must consider whether the jury award was supported by the evidence. *Id.*

The trial court may grant a new trial whenever a party's substantial rights have been materially affected, such as where the jury's verdict was clearly or grossly inadequate. MCR 2.611(A)(1)(c) and (d). In addition, although the trial court possesses authority to increase an inadequate jury verdict, that authority is limited in that the court must allow the defendant to accept or reject the court's award of additur in lieu of a new trial. MCR 2.611(E)(1). In this case, the jury awarded Kyle $10,000 in past noneconomic damages and $40,000 in future noneconomic damages, $10,000 a year from 2013 to 2016. Plaintiff's argument is that

the $40,000 jury verdict is inconsistent: i.e., if the jury found future damages for the years 2013 through 2016, it should have also found damages for the years from the date of the judgment to 2013.

The trial court denied plaintiff's motion for additur, concluding that the jury did not want to make an award to Kyle that Mr. Hill might control or to which he might have access, and thus the jury only awarded future damages starting when Kyle turned eighteen years old. This Court upholds verdicts if there is an " 'interpretation of the evidence that provides a logical explanation for the findings of the jury.' " *Bean v Directions Unlimited, Inc*, 462 Mich 24, 31; 609 NW2d 567 (2000), quoting *Granger v Fruehauf Corp*, 429 Mich 1, 7; 412 NW2d 199 (1987).

The trial court's explanation for why the jury may have computed damages in the way it did was not illogical, although it was, as the court recognized, speculative. During deliberations, the jury sent a note to the trial court asking: "If any money is awarded to Kyle Hill, will it be kept in escrow or trust until needed or will his parents have access to it? Will it be used for future plastic surgery if needed?" The trial court responded that the court would not comment on the question and that the jury had instructions by which to judge the case; the jury was sent back to further deliberate. In light of the question and concerns presented by the jury, the jury verdict on future damages is at least explainable, if not legally sound. Moreover, it is reasonable to conclude that if the jury's motivation was to somehow preclude Kyle's parents from having access to the funds or to delay Kyle's recovery, it still awarded damages in an amount that reflected the jury's consideration of the

evidence and the full extent of Kyle's injuries, not reduced in any fashion. In other words, had the jury awarded damages for the years directly following the verdict, it likely would not have awarded a total amount any greater than that actually awarded for the years 2013 through 2016. We find no abuse of discretion.[8]

### III. CONCLUSION

We conclude that the statutes concerning allocation of fault, MCL 600.2957 and MCL 600.6304, are not applicable in an action brought pursuant to the dog-bite statute, MCL 287.351, which provides for absolute liability absent provocation. With respect to the jury instructions, we find that, although some of the challenged instructions constituted error and were improperly presented to the jury, there was no error rising to the level of error requiring reversal of the jury's verdict. Finally, the trial court did not abuse its discretion in denying plaintiff's motion for additur, or alternatively, a new trial.

Affirmed.

---

[8] To the extent that plaintiff is independently arguing that the evidence supported a higher damages award, we find on the basis of the evidence presented at trial no abuse of discretion in denying the motion for additur or a new trial.