*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRAZIER CUNNINGHAM III, CINDITA
CUNNINGHAM, and LOW PRICED WHEELS,
LLC,

UNPUBLISHED
March 5, 2019

Plaintiffs-Appellants,

v

No. 339065
Oakland Circuit Court
LC No. 2015-149585-CK

TREVOR M. STRATTON and STRATTON
WHEELS, INC.,

Defendants-Appellees.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

In this breach of contract action, plaintiffs obtained a judgment in their favor following a jury trial. On appeal, plaintiffs argue that the trial court erred when it denied their motion for additur or a new trial on damages and their request for attorney fees pursuant to contract. For the reasons stated below, we affirm the trial court's decision to deny additur or a new trial, but reverse the court's decision to deny attorney fees.

## I. BACKGROUND

This case arises from defendant Trevor M. Stratton's (defendant) purchase of a business from plaintiffs Frazier Cunningham and Cindita Cunningham (plaintiffs). Plaintiffs owned and operated Low Price Wheels, LLC, which involved purchasing tire wheels and other items in bulk and then reselling those items both wholesale to local clients and retail to online purchasers. At some point, Frazier was involved in a motor-vehicle accident and became unable to fully perform the physical requirements of running the business. Plaintiffs then decided to sell the business and obtained the services of a broker who listed the business for $699,900. Defendant, a licensed attorney, saw the listing and was impressed by the accompanying financial information. Defendant made an offer and eventually the parties agreed on a final purchase price of $535,000 plus inventory of stock. A purchase agreement was executed in February 2015, with the sale contingent upon defendant's review of and satisfaction with the business's book and

-1-

records. Under the agreement, defendant was also allowed to observe the day-to-day operations of the business for a period of two weeks to verify gross sales. Given his review of the financial figures before Frazier's injury, defendant decided to proceed with the purchase.

The deal closed in April 2015 when defendant made the required $100,000 down payment. An amendment to the purchase agreement established that defendant would pay the remaining amount owed pursuant to two secured promissory notes. One note was in the amount of $400,000 and required payment of $4,541.92 per month plus interest. The second note was in the amount of $35,000 (referred to the parties as an additional down payment), and was due in full plus interest within four months of closing. Defendant also signed a personal guaranty in connection with both promissory notes. After closing, defendant received a 21-day training period from plaintiffs to learn how to run the business.

Defendant took over the business and initially made the monthly installment payments. Frazer continued to provide advice to defendant on how to run the business. However, by August 2015, defendant determined that the revenue he was generating from the business would be insufficient to make continued payments. He did not make the monthly payment for September 2015 or the additional down payment.

## II. PROCEDURAL HISTORY

Plaintiffs brought suit in October 2015 alleging breach of contract. Defendant filed a counterclaim asserting fraud and breach of fiduciary duty. Defendant averred that plaintiffs made material misrepresentations during negotiations. In June 2016, plaintiffs moved for summary disposition under MCR 2.116(C)(10). Defendant opposed, arguing that there were material questions regarding his counterclaims and defenses. After hearing oral argument, the trial court denied plaintiffs' motion for summary disposition.[1]

A jury trial was held in October and November 2016. Defendant testified at trial that he made approximately $18,000 in installment payments and agreed that there was approximately $418,000 due and owing under the purchase agreement, as well as a $291 balance for inventory. Defendant testified that the training provided by plaintiffs was deficient, although he did not

---

[1] On appeal, plaintiffs argued that the trial court erred in denying their motion for summary disposition. However, we need not address this issue because the subsequent jury verdict obtained by plaintiffs renders this issue moot. "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id*. Summary disposition is appropriate under MCR 2.116(C)(10) when "[e]*xcept as to the amount of damages*, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." (Emphasis added). Even if plaintiffs were entitled to summary disposition or partial summary disposition, there was still a question regarding the amount of their damages. Thus, reversing the trial court's denial of their motion for summary disposition would not provide them any relief in this case.

make any formal complaints to them at the time. Defendant also maintained that he did not receive the full benefit of the contract because plaintiffs had taken actions that damaged the company's relationships with suppliers and purchasers. Defendant presented two former purchasers who testified that they ceased doing business with plaintiffs in 2014.

After the close of proofs, defendant agreed to dismiss his counterclaims with prejudice. The jury found that defendant breached a contract, that plaintiffs did not fail to take any steps to mitigate their damages, and that plaintiffs were entitled to $116,296.12 in damages.

Plaintiffs then filed a motion for additur or a new trial, arguing that the damages award was not supported by the evidence given that defendant's testimony established that he owed about $418,000 under the contract. Plaintiffs also requested attorney fees and costs pursuant to the personal guaranty. Defendant filed a response opposing plaintiffs' motion, and at oral argument the trial court directed the parties to submit supplemental briefing. The parties did so and in January 2017 the trial court entered an opinion and order denying plaintiffs' motion for additur or a new trial. The court found that the jury's verdict was supported by the evidence. The court also denied plaintiffs' request for attorney fees, reasoning that plaintiffs failed to address "the multi-factor analysis required to establish the reasonableness of their requested fees" despite the court's request that the plaintiffs do so in their supplemental brief.

III. ANALYSIS

A. ADDITUR

Plaintiffs argue that the trial court abused its discretion when it denied their motion for additur or a new trial. We disagree.[2]

MCR 2.611(A) provides in relevant part:

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

* * *

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

---

[2] We review a trial court's decision to deny a motion for additur, or a new trial, for an abuse of discretion. *Hill v Sacka*, 256 Mich App 443, 460; 666 NW2d 282 (2003). "An abuse of discretion occurs when a court chooses an outcome that is not within the principled range of outcomes." *McManamon v Redford Twp*, 273 Mich App 131, 138; 730 NW2d 757 (2006). "When reviewing a trial court's decision on additur, this Court must consider whether the jury award was supported by the evidence." *Hill*, 256 Mich App at 460.

If the only error is the inadequacy of the verdict, then the trial court may deny a motion for a new trial on the condition that the nonmoving party consents to damages in the lowest amount supported by the evidence, i.e., additur. MCR 2.611(E)(1). "[T]he adequacy of the amount of the damages is generally a matter for the jury to decide." *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 547; 854 NW2d 152 (2014). "A verdict should not be set aside simply because the method of computation used by the jury in assessing damages cannot be determined, unless it is not within the range of evidence presented at trial." *Diamond v Witherspoon*, 265 Mich App 673, 694; 696 NW2d 770 (2005). "This Court upholds verdicts if there is an interpretation of the evidence that provides a logical explanation for the findings of the jury." *Hill v Sacka*, 256 Mich App 443, 461; 666 NW2d 282 (2003) (quotation marks and citations omitted).

Plaintiffs argue that the trial court erred in denying additur or a new trial when defendant's testimony established that he owed plaintiffs approximately $418,000 under the contract. While it is unclear how the jury arrived at the precise figure of $116,296.12 in damages, defendant provided evidence regarding the questionable value of plaintiffs' established business relationships, the inadequacy of the training provided by plaintiffs, and the inadequacy of the profits generated by the business to service defendant's debts under the purchase agreement. Thus, the evidence provided at trial supports a possible logical explanation for the verdict, i.e., the jury intended to reduce the damage award based on its findings as to what plaintiffs actually provided under the contract. Accordingly, the trial court did not abuse its discretion in denying plaintiff's motion.

## B. ATTORNEY FEES

Plaintiffs also argue that the trial court abused its discretion in denying their request for attorney fees without holding an evidentiary hearing. We agree.[3]

"As a general rule, attorney fees are not recoverable as an element of costs or damages absent an express legal exception." *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). One exception is where the parties' contract provides for attorney fees. *Id*. "Contractual provisions for payment of reasonable attorney fees are judicially enforceable." *Id*. (quotation marks and citation omitted).

Defendant agreed to reimburse plaintiffs "for all reasonable costs, attorney fees and other expenses at any time expended or incurred in enforcing" the personal guaranty. Thus, there is no real dispute that plaintiffs are entitled to reasonable costs and attorney fees; the only question is the calculation of a reasonable fee. A party claiming attorney fees has the burden of proving the reasonableness of the requested fee. *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008).

---

[3] "We review a trial court's grant or denial of attorney fees for an abuse of discretion." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005).

In their motion for attorney fees, plaintiffs provided itemized bills of services for the two attorneys who represented them in this matter. The trial court then directed plaintiffs to address the following factors relevant to the determination of a reasonable fee: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Van Elsander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 228; 823 NW2d 843 (2012) (citation omitted). Plaintiffs made some argument and assertions regarding those factors but did not include any additional evidentiary support, although they requested an evidentiary hearing. In defendant's supplemental briefing, he asserted that the claimed fees were unreasonable, contested the reasonableness of some of the billed hours, and provided information regarding billing rates for Wayne County attorneys.

Under these circumstances, the trial court abused its discretion in denying plaintiffs' request for attorney fees without holding an evidentiary hearing. "If the trial court has sufficient evidence to determine the amount of attorney fees and costs, an evidentiary hearing is not required." *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 171; 712 NW2d 731 (2005). But "[w]hen requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed*, 265 Mich App at 166. Because defendant was disputing the reasonable of plaintiffs' attorney fees as well as the claimed hours, it was incumbent upon the court to hold an evidentiary hearing to resolve those matters. The trial court apparently determined that it was not required to hold a hearing because plaintiffs failed to address the reasonable-fee factors outlined above. As noted, plaintiffs made arguments as to some of the factors in their supplemental briefing. To be sure, plaintiffs will have to provide evidence at the hearing supporting the requested rate and the reasonableness of claimed hours expended by each attorney. See *Smith*, 481 Mich at 531-532. Ultimately, however, it is the trial court's role to calculate a reasonable attorney fee, *id*. at 533, and the court abused its discretion by declining to do so simply because plaintiffs did not address every relevant factor in their briefing.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola